Joel A. Kauth, CA Bar No. 186544
E-mail: joel.kauth@kppb.com
Mark Yeh, CA Bar No. 307181
E-mail: mark.yeh@kppb.com
KPPB LLP
2190 S. Towne Centre Place, Suite 300
Anaheim, CA 92806
PH: (949) 852-0000
Fax: (949) 852-0004

Attorneys for Plaintiffs Steve Neville,
Substructure Support, Inc., and
TDP Support, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE NEVILLE, SUBSTRUCTURE SUPPORT, INC., and TDP SUPPORT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> FOUNDATION CONSTRUCTORS, INC. and FOUNDATION PILE, INC. <br><br> Defendants. | Case No. 5:17-CV-02507 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs STEVE NEVILLE ("Neville"), SUBSTRUCTURE SUPPORT, INC. ("Substructure"), and TDP SUPPORT, INC. ("TDP") (collectively "Plaintiffs") bring this action against FOUNDATION CONSTRUCTORS, INC. ("FCI") and FOUNDATION PILE, INC. ("FPI") (collectively "Foundation" or "Defendants") and for their cause of action allege:

## JURISDICTION AND VENUE

1. This is an action for patent infringement in violation of the patent laws of the United States, 35 U.S.C. § 1, et seq. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. This is also an action for unfair competition under California state law. This Court has jurisdiction under 28 U.S.C. § 1338(b) and supplemental jurisdiction under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1400(b) in that Defendants reside in this district, Defendants make, use, offer for sale, and have sold infringing products in this judicial district, and have offered infringing products to others for resale within this judicial district, such that a substantial part of the events giving rise to the claim occurred in this district. Defendants have a regular and established place of business within this district in Fontana, California. Defendants are also organized and existing under the laws of the State of California.

4. Furthermore, Defendants have substantial contacts with this district, have ongoing and systematic contacts with this judicial district, and have regularly conducted business within this judicial district, including ongoing sales in this district, and, on information and belief, employment of marketing and sales personnel within this district. Defendants have therefore purposefully availed themselves of the privilege of conducting business within this judicial district, and have purposefully directed activities at residents of this judicial district.

5. On information and belief, Defendant operate and control the website at the URL www.foundationpiledriving.com.

6. Defendants advertise and offer for sale the infringing products and services on the website at the URL www.foundationpiledriving.com, and which website is accessible within this judicial district.

7. On information and belief, Defendants have offered for sale and sold the infringing products within the United States, and within this judicial district.

## PARTIES

8. Plaintiff Neville is an individual, having a residence in Winters, California.

9. Plaintiff Substructure is a corporation organized and existing under the laws of California, and having a place of business at 4989-A Peabody Road, Fairfield, California 94533.

10. Plaintiff TDP is a corporation organized and existing under the laws of California, and having a place of business at 4989-A Peabody Road, Fairfield, California 94533.

11. On information and belief, Defendant Foundation Constructors, Inc. is a corporation organized and existing under the laws of California, and having a regular and established place of business at 81 Big Break Road, Oakley, California 94561.

12. On information and belief, Defendant Foundation Pile, Inc. is a corporation organized and existing under the laws of California, and having a regular and established place of business at 8375 Almeria Ave., Fontana, California 92335.

## FACTUAL BACKGROUND

13. Steve Neville is the inventor and owner of U.S. Patent No. 7,914,236 entitled "Screw Pile Substructure Support System" (a copy of which is attached as Exhibit A) ("the '236 patent").

14. Mr. Neville has licensed the '236 patent to Plaintiff TDP as the exclusive licensee for manufacturing, offering for sale, and selling screw pile substructure support systems in accordance with the '236 patent. With respect to making, offering for sale, and selling patented screw pile substructure support systems, TDP holds substantially all rights in the '236 patent, including the right to sue for past and present infringement for unauthorized manufacturing, sale, and/or offer for sale of patented screw pile substructure support systems made in

accordance with the '236 patent.

15. Mr. Neville has licensed the '236 patent to Plaintiff Substructure as the exclusive licensee for using screw pile substructure support systems made in accordance with the '236 patent. With respect to use of the patented screw pile substructure support systems, Substructure holds substantially all rights in the '236 patent, including the right to sue for past and present infringement for unauthorized use of patented screw pile substructure support systems made in accordance with the '236 patent.

16. Steve Neville is the inventor and owner of U.S. Patent No. 9,284,708 entitled "Screw Pile Substructure Support System" (a copy of which is attached as Exhibit B) ("the '708 patent").

17. Mr. Neville has licensed the '708 patent to Plaintiff TDP as the exclusive licensee for manufacturing, offering for sale, and selling screw pile substructure support systems in accordance with the '708 patent. With respect to making, offering for sale, and selling patented screw pile substructure support systems, TDP holds substantially all rights in the '708 patent, including the right to sue for past and present infringement for unauthorized manufacturing, sale, and/or offer for sale of patented screw pile substructure support systems made in accordance with the '708 patent.

18. Mr. Neville has licensed the '708 patent to Plaintiff Substructure as the exclusive licensee for using screw pile substructure support systems made in accordance with the '708 patent, and for practicing the method for installing a screw pile substructure support system claimed in the '708 patent. With respect to use of the patented screw pile substructure support systems, and for practicing the patented methods, Substructure holds substantially all rights in the '708 patent, including the right to sue for past and present infringement for unauthorized use of patented screw pile substructure support systems made in accordance with the '708 patent, and unauthorized practice of methods claimed in the '708 patent.

19. Steve Neville is the owner of U.S. Patent No. 9,587,362 entitled "Systems and Methods for Coupling a Drill Rig to a Screw Pile" (a copy of which is attached as Exhibit C) ("the '362 patent").

20. Mr. Neville has licensed the '362 patent to Plaintiff Substructure as the exclusive licensee for practicing the methods for preparing a screw pile for installation by a drill rig claimed in the '362 patent. Substructure holds substantially all rights in the '362 patent, including the right to sue for past and present infringement for unauthorized practice of the methods claimed in the '362 patent.

21. The above-referenced patents are collectively the "patents-in-suit."

22. On information and belief, Defendants have in the past, and continue to at least make, use, offer for sale, and sell products that infringe one or more claims of each of the patents-in-suit, and is also practicing the patented methods in this judicial district.

## TORTIOUS ACTIVITIES OF DEFENDANTS

23. Defendants have in the past and continue to make, use, offer for sale, and sell products that infringe, either directly, or indirectly through inducing infringement or contributory infringement, one or more claims of each of the '236 and '708 patents. Such infringing products include, without limitation, the EDTTEX ("Equal Diameter Tubex Tip-EX") Tips.

24. Defendants have in the past and continue to directly infringe by practicing the methods claimed in each of the '236, '708, and '362 patents, and indirectly infringed such claims by inducing others to practice the claimed methods, and providing a material or apparatus for use in practicing the claimed methods, knowing the same to be especially made or especially adapted for use to infringe the patents, and such material or apparatus is not a staple article or commodity of commerce suitable for noninfringing use.

25. On their website at the URL

http://www.foundationpiledriving.com/edttex-piles.htm, Defendants state that "The EDTTEX piles are steel and concrete pipe composite piles that are screwed into the ground under very high torque and down-pressure."

26. Defendants' EDTTEX piles include a tubular pile with a centerline.

27. Defendants' EDTTEX piles include attaching tubular piles to one another using welds.

28. Defendants' EDTTEX piles include a substantially conically shaped pile tip.

29. Defendants' EDTTEX piles include a helical flight on the exterior of the pile tip.

30. Defendants' EDTTEX piles include a helical flight that extends along the exterior surface for a distance of at least one quarter of a circumference of the portion of the shaped pile tip.

31. The pile tip of Defendants' EDTTEX piles has a first end and a second end.

32. In Defendants' EDTTEX piles, the first end of the pile tip attaches to a tubular pile.

33. Defendants' EDTTEX piles include an end plate attached to the second end of the pile tip.

34. Defendants' EDTTEX piles include a protrusion extending from the end plate.

35. On information and belief, Defendants' EDTTEX piles are filled with concrete and attached to a pile cap that includes concrete and reinforcing steel.

36. On information and belief, Defendants' EDTTEX piles are installed using a driver tool that works with a drill rig.

37. On information and belief, Defendants' EDTTEX driver tool includes a bracket, a pivot, and a plate that connects to the drill rig.

38. On information and belief, an end of Defendants' EDTTEX driver tool

fits inside a portion of a tubular pile.

39. On information and belief, Defendants' EDTTEX driver tool couples to a tubular pile utilizing pin holes in the tubular pile that are matched to holes in a portion of the driver tool.

40. On information and belief, Defendants' EDTTEX piles are placed in a substantially horizontal position.

41. On information and belief, Defendants' EDTTEX driver tool is placed in a substantially horizontal position.

42. On information and belief, Defendants' EDTTEX driver tool and the tubular pile are attached to each other.

43. On information and belief, Defendants' EDTTEX driver tool is configured to pivot about a pivot axis.

44. On information and belief, in Defendants' EDTTEX piles, a pile tip is attached to the tubular pile.

45. Defendants' actions infringing the patents-in-suit have been and are without the consent or authorization of Plaintiffs.

46. On August 12, 2009, Plaintiff Substructure first provided notice to Defendant FCI of U.S. Patent Application No. 11/367,768 (which later issued as the '236 patent), and the fact that it may be of interest to Defendant FCI with respect to FCI's EDTTEX Tips.

47. On October 1, 2009, FCI responded to Substructure's August 12, 2009 letter. FCI acknowledged that U.S. Patent Application No. 11/367,768 was undergoing examination at the United States Patent and Trademark Office, and stated that they would "continue to monitor the progress of the application with interest."

48. FCI was aware of Substructure's own screw pile product and that was associated with U.S. Patent Application No. 11/367,768. In its October 1, 2009 letter, FCI stated that it had reviewed Substructure's sales literature, oral marketing,

and website, and that it rejected Substructure's assertions that U.S. Patent Application No. 11/367,768 was patentable.

49. On information and belief, Defendants FCI and FPI share information between each other.

50. Defendants FCI and FPI are controlled by the same officers.

## FIRST CAUSE OF ACTION

## PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271

51. Plaintiffs refer to and incorporate in this cause of action the preceding Paragraphs above, as though restated herein in full.

52. Defendants have made, used, imported, offered for sale, sold, and continue to sell products and/or devices that infringe one or more claims of each of the patents-in-suit, including, but not limited to, the EDTTEX Tips.

53. Through their actions, Defendants have infringed at least claims 1, 2, 4, 6-9, 14-20, 22-24, 27-30, 32, and 33 of the '236 patent.

54. Through their actions, Defendants have infringed at least claims 1-6, 9-23, 25, 26, 29, 31, 32, 34-37, and 39 of the '708 patent.

55. On information and belief, through their actions, Defendants have infringed at least claims 1, 3-5, 7-9, 11-15, 17, and 18 of the '362 patent.

56. By their aforesaid acts, Defendants have violated 35 U.S.C. § 271(a) by their infringement of the patents-in-suit.

57. On information and belief, Defendants' infringement of the patents-in-suit, both presently, and in the past, has been willful.

58. On information and belief, the acts of infringement of Defendants will continue unless enjoined by this Court.

59. Plaintiffs are being damaged by Defendants' infringement of the patents-in-suit, and are being and will continue to be irreparably damaged unless Defendants' infringement is enjoined by this Court. Plaintiffs, therefore, do not have an adequate remedy at law.

60. This is an "exceptional case" within the meaning of 35 U.S.C. § 285.

## SECOND CAUSE OF ACTION

## INDIRECT PATENT INFRINGEMENT IN VIOLATION

## OF 35 U.S.C. §§ 271(b) and (c)

61. Plaintiffs refer to and incorporate in this cause of action the preceding Paragraphs above, as though restated herein in full.

62. On information and belief, Defendants have in the past and continue to make, use, offer for sale, and sell the EDTTEX Tips.

63. On information and belief, Defendant has in the past and continues to supply the EDTTEX Tips to others for use and/or resale.

64. Defendant FCI had knowledge of the '236 patent at least as early as August 2009.

65. Notice to FCI provided effective notice to FPI as well.

66. Defendants therefore had knowledge of U.S. Patent No. 7,914,236.

67. Defendant FCI was also notified that Substructure had related pending patent applications that would likely cover the EDTTEX tips.

68. One such application issued as U.S. Patent No. 9,284,708, and another issued as U.S. Patent No. 9,587,362.

69. On information and belief, Defendants had knowledge of U.S. Patent No. 9,284,708 as of issue date March 15, 2016.

70. On information and belief, Defendants had knowledge of U.S. Patent No. 9,587,362 as of issue date March 7, 2017.

71. On information and belief, Defendants have in the past and continue to make, use, offer for sale, sell, and supply the EDTTEX tips for use in practicing a patented process, which EDTTEX tips products are material to practicing the invention, have no substantial non-infringing uses, and are known by Defendants to be especially made or especially adapted for use in an infringement of the patents-in-suit.

72. The EDTTEX tips are used to directly infringe at least claims 1, 2, 4, 6-9, 14-20, 22-24, 27-30, 32, and 33 of the '236 patent.

73. The EDTTEX tips are used to directly infringe at least claims 1-6, 9-23, 25, 26, 29, 31, 32, 34-37, and 39 of the '708 patent.

74. The EDTTEX tips are used to directly infringe at least claims 1, 3-5, 7-9, 11-15, 17, and 18 of the '362 patent.

75. The EDTTEX tips are used to construct a patented system, and to practice a patented method.

76. Through their sales, supply and distribution activities, Defendants are liable for contributory infringement of the patents-in-suit pursuant to 35 U.S.C. § 271(c).

77. On information and belief, Defendants have in the past and continue to make, sell, and offer for sale EDTTEX tips to enable users to practice a patented process or use a patented system, with the knowledge that such acts constitute infringement of the patents-in-suit.

78. The EDTTEX tips are also used to practice a patented process, or use a patented system, thereby directly infringing the patents-in-suit.

79. Defendants provide specific instruction on how to use EDTTEX tips, to construct a patented system, and to practice a patented method.

80. Through such activities, Defendants are liable for inducing infringement of the patents-in-suit, pursuant to 35 U.S.C. § 271(b).

81. On information and belief, Defendants' inducement of infringement and contributory infringement of the patents-in-suit, both presently and in the past, has been willful.

82. On information and belief, the acts of inducement of infringement and contributory infringement of Defendants will continue unless enjoined by this Court.

83. Plaintiffs are being damaged by Defendants' inducement of

infringement and contributory infringement of the patents-in-suit, and are currently being, and will continue to be irreparably damaged unless Defendant's actions are enjoined by this Court. Plaintiffs, therefore, do not have an adequate remedy at law.

84. This is an "exceptional case" within the meaning of 35 U.S.C. § 285.

## THIRD CAUSE OF ACTION

## STATE STATUTORY UNFAIR COMPETITION IN VIOLATION OF SECTION 17200, CALIFONIA BUSINESS AND PROFESSIONS CODE

85. Plaintiffs refer to and incorporate in this cause of action the preceding Paragraphs above, as though restated herein in full.

86. By the acts complained of herein, Defendants have engaged in unfair competition under Section 17200 of the Business and Professions Code of the State of California.

87. On information and belief, Defendants' provision of the EDTTEX tips to others constitutes unlawful and unfair business practices.

88. On information and belief, the aforesaid acts of Defendants have caused damage to Plaintiffs, in an amount not yet ascertained but in an amount to be determined.

89. By reason of acts of Defendants, Plaintiffs have suffered and will continue to suffer irreparable damage, in an amount not yet ascertained but in an amount to be determined, which damage will continues unless and until such acts are enjoined by Order of this Court.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs Neville, Substructure, and TDP demand judgment against Defendants as follows:

1. That this Court adjudge and declare:

    a. That it has jurisdiction of the parties and of the subject matter

of this action;

  b. That United States Patent No. 7,914,236 ("the '236 patent") is valid;

  c. That United States Patent No. 9,284,708 ("the '708 patent") is valid;

  d. That United States Patent No. 9,587,362 ("the '362 patent") is valid;

  e. That Defendants have committed acts of patent infringement by their manufacture, use, offer for sale, and sale of products and/or systems which infringe the patents-in-suit, and by their practicing of methods claimed by the patents-in-suit;

  f. That Defendants have induced infringement of the patents-in-suit; and

  g. That Defendants have contributorily infringed the patents-in-suit.

2. That Defendants, their officers, directors, owners, agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with any of them be preliminarily and permanently enjoined from making, using, importing, offering for sale or selling any device and/or system which infringes, either directly or indirectly through inducement or contributorily, the patents-in-suit;

3. That Plaintiffs be awarded damages covered by the acts of patent infringement of Defendants in the amount of Plaintiffs' lost profits to be determined at trial, but in any event, an amount not less than a reasonable royalty pursuant to 25 U.S.C. § 284;

4. That the damage award be trebled due to Defendants' willful infringement;

5. That Defendants pay Plaintiffs prejudgment interest;

6. That Plaintiffs have and recover their costs in this action, including attorneys' fees; and

7. That Plaintiffs have such other and further relief as the court may deem just and proper.

Dated: December 18, 2017

Respectfully submitted,

KPPB LLP

By: /s/ Joel A. Kauth
    Joel A. Kauth

Attorneys for Plaintiffs Steve Neville, Substructure Support, Inc., and TDP Support, Inc.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure Rule 38(b), Plaintiffs STEVE NEVILLE, SUBSTRUCTURE SUPPORT, INC., and TDP SUPPORT, INC. hereby demand a trial by jury of all issues in their Complaint so triable.

Dated: December 18, 2017

Respectfully submitted,

KPPB LLP

By: /s/ Joel A. Kauth
Joel A. Kauth

Attorneys for Plaintiffs Steve Neville, Substructure Support, Inc., and TDP Support, Inc.

258423