1  MARK J. RICE (SBN 124934)
2  McNEIL, SILVEIRA, RICE & WILEY
   55 Professional Center Parkway, Suite A
3  San Rafael, CA 94903
4  Tel: (415) 472-3434
   Fax: (415) 472-1298
5  markjrice@msrwlaw.com

6  Attorneys for Defendants
7  FOUNDATION CONSTRUCTORS, INC. and
   FOUNDATION PILE, INC.
8

9

10                UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12              (SOUTHERN DIVISION – SANTA ANA)

13

| STEVE NEVILLE, SUBSTRUCTURE SUPPORT, INC., and TDP SUPPORT, INC., | Case No.  5:17-cv-02507-AG (AGRx) |
|---|---|
| Plaintiffs, | **DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT** |
| vs. | |
| FOUNDATION CONSTRUCTORS, INC. and FOUNDATION PILE, INC. | **Date:   August 19, 2019** **Time:   10:00 a.m.** **Courtroom: 10D** |
| Defendants. | **Hon. Andrew J. Guilford** **Trial Date: October 1, 2019** |

        Pursuant to Local Rule 56-1, Defendants FOUNDATION
CONSTRUCTORS, INC. ("FCI") and FOUNDATION PILE, INC. ("FPI")
(collectively, "Defendants"), lodge the following Proposed Statement of

-1-
DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

Controverted Facts and Conclusions of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment Of Infringement.

**Defendants' Statement of Controverted Facts & Supporting Evidence**

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| *Infringement Allegations Against EDTTTEX System* | |
| 1. Plaintiffs' Complaint alleged infringement by at least the EDTTEX ("Equal Diameter Tubex Tip-EX") Tips. Complaint (Docket Entry ("D.E.") 1) at ¶¶ 23, 52, 62, 71-80. | Admitted as an allegation, denied otherwise. See Declarations of Howard Perko and Byrl Williams in support of Defendants' own Motion for Summary Judgment, and herein. |
| 2. Plaintiffs' Complaint alleged infringement of both system claims and method claims by at least the EDTTEX Tips. Complaint (D.E. 1) at ¶¶ 23-24, 52-54, 71-75. | Admitted as an allegation, denied otherwise. See Declarations of Howard Perko and Byrl Williams in support of Defendants' own Motion for Summary Judgment, and herein. |
| 3. The EDTTEX system includes tip models ED1, ED2, ED2M and ED3 Declaration of Mark Yeh In Support of Plaintiffs' Motion ("Yeh Decl."), ¶ XX, Exh. A, Deposition of Byrl Williams ("Williams Depo"), 34:15-25; 51:9-52:6; 84:16-22; Exh. | Admitted. |

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| 116, 117. | |
| 4. The system claims asserted in Plaintiffs' summary judgment motion require at least a pile tip connected to a pile. U.S. Pat. No. 7,914,236 Claims 1, 2, 4, 16, 18, and 22-27; U.S. Pat. No. 9,284,708 Claims 1-4, 25-29 | Admitted, however, a pile tip connected to a Pile in those claims is preceded by prior Art starting with Moseley, US 108,814, 1870. This claim is introductory and not novel. |
| 5. Defendants' EDTTEX piles include an EDTTEX pile tip attached to a tubular pile. See admission by Defendants that "In Defendants' EDTTEX piles, a pile tip is attached to the tubular pile."  Complaint (D.E. 1) at ¶ 44; Answer (D.E. 15) at ¶ 44. | Admitted, however, a pile tip connected to a Pile in those claims is preceded by prior Art starting with Moseley, US 108,814, 1870. This claim is introductory and not novel. |
| 6. The method claims asserted in Plaintiffs' summary judgment motion require forming a pile from | Admitted, however, a pile tip connected to a Pile in those claims is preceded by prior Art starting with |

| **Plaintiff's Undisputed Material Fact (Proposed)** | **Defendants' Supporting Evidence** |
|---|---|
| a pile and a tip, positioning the pile, attaching a drill rig to the pile, and turning the pile to facilitate penetration into the ground.<br>U.S. Pat. No. 7,914,236 Claim 33; U.S. Pat. No. 9,284,708 Claim 31 | Moseley, US 108,814, 1870. This claim is introductory and not novel. Verstraeten patents also reflect methods to attach screw piles to pile rigs to advance them by rotary motors and Torque into the ground.<br>Williams Dec., ¶¶, Perko Dec., ¶¶ |
| 7. Plaintiffs' Preliminary Infringement Contentions alleged infringement by at least the EDTTEX Tips.<br>Yeh Decl., Exh. H, I, J | Admitted; but added that during the entirety of this case until March 29, 2019, Plaintiffs' contentions were only that ED 1 or the "Chinese Tip" was infringing.<br>Rice Dec., ¶ |
| 8. Plaintiffs' Preliminary Infringement Contentions alleged infringement of both system claims and method claims.<br>Yeh Decl., Exh. H, I, J | Admitted as allegations but not as true. None of the methods or systems were new.<br>Williams Dec., ¶¶, Perko Dec., ¶¶ |
| 9. Plaintiffs' Final Infringement Contentions alleged infringement by at least the EDTTEX Tips.<br>Yeh Decl., Exh. K, L, M | Admitted; but added that during the entirety of this case until March 29, 2019, Plaintiffs' contentions were only that ED 1 or the "Chinese Tip" was infringing.<br>Rice Dec., ¶ |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| 10. Plaintiffs' Final Infringement Contentions alleged infringement of both system claims and method claims. Yeh Decl., Exh. K, L, M | Admitted as allegations but not as true. None of the methods or systems were new. Williams Dec., ¶¶, Perko Dec., ¶¶ |
| 11. Plaintiffs do not allege infringement by the ED2 EDTTEX tip. | Admitted. |
| 12. Plaintiffs allege that the ED1, ED2M and ED3 EDTTEX tips as used by Defendants to form EDTTEX piles infringe both system and method claims of U.S. Pat. Nos. 7,914,236 and 9,284,708. Complaint (D.E. 1) at ¶¶ 23-24 (noting that "infringing products include, without limitation, the EDTTEX ("Equal Diameter Tubex Tip-EX") Tips," and also alleging infringement by practicing method claims; Yeh Decl., Exh. H, I, J (Preliminary Infringement Contentions); Exh. K, L, M (Final | Admitted as allegations but not as true. None of the tips, methods or systems of those patents '236 or '708 were new. Williams Dec., ¶¶, Perko Dec., ¶¶ |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| Infringement Contentions). | |
| **_Defendants' Past and Continued Use of Accused Instrumentalities_** ||
| 13. Defendants have in the past and continue to make, use, offer for sale, and sell the EDTTEX Tips. Admitted by Defendants. Complaint (D.E. 1) at ¶ 62; Answer (D.E. 15) at ¶ 62. | Admitted, except that EDTTEX 1 or the Chinese Tips were not ordered further after 2009, and were not installed withing 6 years of this suit, except for 40 of the 1000 tips ordered. The EDTTEX 2, 2M and 3 continue to be made, used, offered for use in pile projects, and installed. Williams Dec., ¶11. |
| **_Defendants' Knowledge of Patents and Willful Infringement_** ||
| 14. Defendants had knowledge of U.S. Patent No. 7,914,236 as early as August 12, 2009, when they were provided a copy of the publication of the patent application Admitted by Defendants. Complaint (D.E. 1) at ¶ 46, 64-66; Answer (D.E. 15) at ¶ 46, 64-66. | Admitted that the patent application was known but at the time it was rejected (repeatedly) by the patent examiner as obvious against prior art and indefinite. See Rice Dec., Ex.'s 13, 14. |
| 15. In 2009, Defendant FCI stated that it would "continue to monitor the progress of the patent application with interest." | Admitted. |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| **Plaintiff's Undisputed Material Fact (Proposed)** | **Defendants' Supporting Evidence** |
|---|---|
| Admitted by Defendants. Complaint (D.E. 1) at ¶ 47 Answer (D.E. 15) at ¶ 47. | |
| 16. U.S. Patent No. 7,914,236 issued on March 29, 2011. U.S. Patent No. 7,914,236 | Admitted. |
| 17. U.S. Patent No. 9,284,708 issued on March 15, 2016. U.S. Patent No. 9,284,708 | Admitted. |
| 18. Defendants' only noninfringement argument relies on an a claim construction that the end plate must be "a substantially flat plate at the termination of the pile tip." Yeh Decl., ¶ 6, Exh. D, Perko Expert Report. | Denied. The lack of infringement is as to all the elements of the subject patents '236, and '708 and their invalidity. The "substantially flat plate" perpendicular to the centerline of the pile is the one feature the patent examiner required to find the patent not precluded due to prior art. Defendants' evidence is that there is no infringement in any respect as to any of the EDTTEX pile tips. Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13. |
| 19. No term was construed during claim construction as requiring "a | Admitted, however, the patent claims of '236 and '708 contain the terms |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| substantially flat plate at the termination of the pile tip." Claim Construction Order (D.E. 43). | "end plate" and "end plate coupled to the end of the cylindrical section, and having a substantially flat surface disposed perpendicular to the centerline of the tubular pile…" (Claim 29 of the '708 patent), and Limitation 1E of claim 1 of the '236 patent, "an end plate fixedly attached to the second end of the pile tip, the end plate having a substantially flat surface disposed to the centerline of the tubular pile". The quoted language is fair shorthand for the above lengthy claim sentences. |
| 20.Defendants' only noninfringement argument cannot be applied to Claims 1-4, 25-28 and 31 of U.S. Pat. No. 9,284,708 because in those claims, no portion of the end plate is required to be substantially flat. Yeh Decl., ¶ 6, Exh. D, Perko Expert Report. | Denied as argumentative and denied based on the expert reports and declarations of Perko and Williams. While it is true that EDTTEX tips by Defendants do not share the end plate, that is not the only non-infringement argument. Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13.<br><br>Also, patent '708 while a continuation of '236, deviates impermissibly in |

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | asserting that the end of the pile tip can be a "closing end" of any shape as opposed to a substantially flat surface and end plate, due to the ceding of that vaguer language "end cap" in the claim prosecution history in order to secure the underlying '236 patent at all. See Rice Dec., patent claims history, Ex.'s 29-30. |
| 21. Defendants do not rely on advice of counsel for defenses of either noninfringement or invalidity. Defendants produced no Advice of Counsel materials pursuant to S.P.R. 4.4. | Admitted. |
| ***Claim Construction*** | |
| 22. For purposes of the claims, "end plate" needs no construction, and should be given its ordinary meaning as understood by one of ordinary skill in the art. Claim Construction Order (D.E. 43) at 11 ("After considering the parties' arguments, the Court finds | Admitted. |

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| no construction is necessary for the term "end plate" in the context of the claims."). | |
| 23. The end plate is not limited to embodiments having "a substantially flat surface disposed perpendicular to the centerline of the tubular pile" except where that language appears in the claim.<br><br>Claim Construction Order (D.E. 43) at 10 ("Neither these portions of the disclosure nor the remaining aspects of the asserted patents' specifications require that the end plate is necessarily limited to being substantially flat and perpendicular to the centerline."); `236 Patent at 2:12–13; 2:29–32; 2:55–57; 3:5–7; 4:26-28; 6:57-59. | Denied as argumentative and denied based on the expert reports and declarations of Perko and Williams. While it is true that EDTTEX tips by Defendants do not share the end plate, that is not the only non-infringement argument.<br>Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13.<br><br>Also, patent '708 while a continuation of '236, deviates impermissibly in asserting that the end of the pile tip can be a "closing end" of any shape as opposed to a substantially flat surface and end plate, due to the ceding of that vaguer language "end cap" in the claim prosecution history in order to secure the underlying '236 patent at all.<br>See Rice Dec., patent claims history, Ex.'s 29-30. |
| 24. With respect to the end plate, | Admitted, but it means substantially |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| "substantially flat" does not mean "flat." Claim Construction Order (D.E. 43) at 10. | flat. How "substantially flat" a tip is not defined in the Claims Construction Order or the patent, but the Diagrams of patents '236 and '708 show the end plate to be essentially flat. |
| 25. For claims that require an "end plate having a substantially flat surface disposed perpendicular to the centerline of the tubular pile" the entire end plate is not required to be substantially flat. Claim Construction Order (D.E. 43) at 10 ("Defendants argue that "substantially flat" must mean "flat" because "[o]nly a flat piece of metal can be 'disposed perpendicular to the centerline of the tubular pile' as a matter of geometric principle." (Dkt. 32 at 3.) Defendants' argument would only apply if the end plate was required to be perpendicular to the centerline along the entire width of the end plate. Defendants are not arguing for such a limitation and | Admitted, but it means substantially flat. How "substantially flat" a tip is not defined in the Claims Construction Order or the patent, but the Diagrams of patents '236 and '708 show the end plate to be essentially flat. The opposite is not true; that is, a rounded end plate is not "substantially flat" and Foundation's EDTTEX tips are rounded or end in a spiral and are not flat or substantially flat. Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13. See also patent claims history, at Rice Dec., Ex.'s 29-30. |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| such a limitation is not found in the claims or specification.") | |
| 26. For claims that require an "end plate having a substantially flat surface disposed perpendicular to the centerline of the tubular pile" the end plate is not required to be perpendicular to the centerline along the entire width of the end plate.<br><br>Claim Construction Order (D.E. 43) at 10 ("Defendants argue that "substantially flat" must mean "flat" because "[o]nly a flat piece of metal can be 'disposed perpendicular to the centerline of the tubular pile' as a matter of geometric principle." (Dkt. 32 at 3.) Defendants' argument would<br>only apply if the end plate was required to be perpendicular to the centerline along the entire width of the end plate. Defendants are not arguing for such a limitation and such a limitation is not found in the | Admitted, but it means substantially flat. How "substantially flat" a tip is not defined in the Claims Construction Order or the patent, but the Diagrams of patents '236 and '708 show the end plate to be essentially flat.<br><br>The opposite is not true; that is, a rounded end plate is not "substantially flat" and Foundation's EDTTEX tips are rounded or end in a spiral and are not flat or substantially flat.<br><br>Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13.<br><br>See also patent claims history, at Rice Dec., Ex.'s 29-30. |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| claims or specification.") | |
| 27. For purposes of the claims, "closing" means "blocking or eliminating the opening of." Claim Construction Order (D.E. 43) at 6. | Admitted. |
| 28. For purposes of the claims, "coupled" means "connected" or "joined." Claim Construction Order (D.E. 43) at 6. | Admitted. |
| 29. For purposes of the claims, "frustro-conical" means "having the shape of cone with narrow end, or tip, removed." Claim Construction Order (D.E. 43) at 7. | Admitted. |
| 30. For purposes of the claims, "perpendicular" means "at or nearly at a right angle, i.e., at 90° or approximately 90° to another element." Claim Construction Order (D.E. 43) at 7. | Admitted. |
| 31. For purposes of the claims, "fixedly | Admitted. |

-13-
DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| attached" means "securely attached and not readily moveable or detachable." Claim Construction Order (D.E. 43) at 17. | |
| 32. For purposes of the claims, "pile" means "long column that provides support as part of a foundation." Claim Construction Order (D.E. 43) at 18-19. | Admitted. |
| **_Claim Elements Found in Accused Instrumentalities or Accused Methods_** | |
| 33. Defendants' EDTTEX piles have a substantially constant diameter throughout a length of the pile. Declaration of Dr. Rand Decker In Support of Plaintiffs' Motion ("Decker Decl."), ¶¶ 45-46. Yeh Decl., ¶ 5. | Admitted but this is not novel and exists in all screw piles and been preceded by prior art since at least Moseley, US 1870, 108,814. Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13.<br><br>Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 34. Defendants' EDTTEX piles include | Admitted but this is not novel and |

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| a tubular pile with a centerline. Admitted by Defendants. Complaint (D.E. 1) at ¶ 26; Answer (D.E. 15) at ¶ 26. Decker Decl., ¶¶ 45-46. | exists in all screw piles and been preceded by prior art since at least Moseley, US 1870, 108,814. Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13. Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph,  each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 35. Defendants' EDTTEX piles include attaching tubular piles to one another using welds. Admitted by Defendants. Complaint (D.E. 1) at ¶ 27; Answer (D.E. 15) at ¶ 27; Yeh Decl., ¶ 3, Exh. A, Williams Depo, 198:15-199:2; 199:24-200:2; 247:7-248:14. | Admitted but this is not novel and exists in all screw piles and been preceded by prior art since at least Moseley, US 1870, 108,814, as well as Verstraeten, 1986, '4,623,025. Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13. See Patent Claim History, Rice Dec., Ex.'s 29-30. |
| 36. Defendants' EDTTEX piles include a substantially conically shaped pile tip. Admitted by Defendants. | Admitted. |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| Complaint (D.E. 1) at ¶ 28; Answer (D.E. 15) at ¶ 28. | |
| 37. In Defendants' EDTTEX piles, a pile tip is attached to the tubular pile.<br>Admitted by Defendants.<br>Complaint (D.E. 1) at ¶ 44; Answer (D.E. 15) at ¶ 44. | Admitted. |
| 38. Defendants' EDTTEX piles include a helical flight on the exterior of the pile tip.<br>Admitted by Defendants.<br>Complaint (D.E. 1) at ¶ 29; Answer (D.E. 15) at ¶ 29. | Denied when phrased in the compound sense.<br>EDTTEX 1, discontinued ordering in 2009, has helical flights.<br>EDTTEX 2M and 3 claimed to infringe have stepped tips or stepped flights rather than helicals. The Answer referreed to EDTTEX 1 only, not all the EDTTEX piles, as until March 29, 2019, only EDTTEX 1 was claimed to infringe.<br>Helical flights not novel and exists in all screw piles and been preceded by prior art since at least Moseley, US 1870, 108,814.<br>Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13. |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | Rice Dec., para. 16. |
| 39. Defendants' EDTTEX piles include a helical flight that extends along the exterior surface for a distance of at least one quarter of a circumference of the portion of the shaped pile tip.<br>Admitted by Defendants.<br>Complaint (D.E. 1) at ¶ 30; Answer (D.E. 15) at ¶ 30. | Denied when phrased in the compound sense as not all the EDTTEX piles have helicals.<br>EDTTEX 1, discontinued ordering in 2009, has helical flights.<br>EDTTEX 2M and 3 that are claimed to infringe have stepped tips or stepped flights rather than helicals, like a wedding cake shape. The Answer referred to EDTTEX 1 only, not all the EDTTEX piles, as until March 29, 2019, only EDTTEX 1 was claimed to infringe.<br>Helical flights not novel and exists in all screw piles and been preceded by prior art since at least Moseley, US 1870, 108,814.<br>Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13.<br>Rice Dec., para. 16. |
| 40. The pile tip of Defendants' EDTTEX piles has a first end and a | Denied.<br>EDTTEX 1 has a third end and a fourth |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| second end.<br><br>Admitted by Defendants.<br><br>Complaint (D.E. 1) at ¶ 31; Answer (D.E. 15) at ¶ 31. | end, as below the tapered section (first and second end), there is a smaller cylindrical section or added section not part of the Plaintiffs' patent claims. EDTTEX 2 and 3 are conical cast tips and do not have a second end, but come to a tip, and not an end plate, nor a flat end plate.<br><br>Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13.<br><br>Rice Dec., para. 16. |
| 41. In Defendants' EDTTEX piles, the first end of the pile tip attaches to a tubular pile.<br><br>Admitted by Defendants.<br><br>Complaint (D.E. 1) at ¶ 32; Answer (D.E. 15) at ¶ 32. | Denied.<br><br>EDTTEX 1 has a third end and a fourth end, as below the tapered section (first and second end), there is a smaller cylindrical section or added section not part of the Plaintiffs' patent claims. EDTTEX 2 and 3 are conical cast tips and do not have a second end, but come to a tip, and not an end plate, nor a flat end plate.<br><br>Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13.<br><br>Rice Dec., para. 16. |

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
|  |  |
| 42. Defendants' EDTTEX piles include an end plate attached to the second end of the pile tip.<br>Admitted by Defendants.<br>Complaint (D.E. 1) at ¶ 33; Answer (D.E. 15) at ¶ 33. | Denied.<br>EDTTEX 1 has a third end and a fourth end, as below the tapered section (first and second end), there is a smaller cylindrical section or added section not part of the Plaintiffs' patent claims. EDTTEX 2 and 3 are conical cast tips and do not have a second end, but come to a tip, and not an end plate, nor a flat end plate.<br>Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13.<br>Rice Dec., para. 16. |
| 43. Defendants' EDTTEX piles include a protrusion extending from the end plate.<br>Admitted by Defendants.<br>Complaint (D.E. 1) at ¶ 34; Answer (D.E. 15) at ¶ 34. | Denied when phrased in the compound sense to include all three or four EDTTEX variations. These are taken one by one.<br><br>EDTTEX 1, discontinued ordering in 2009, has a small nozzle tip to receive a traditional drill bit end and is not in that sense an end plate. It is briefly flat and perpendicular to the centerline of |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | the pile.<br><br>EDTTEX 2M and 3 claimed to infringe can have a drill bit welded at the end. Sometimes called a stabbing point, or point shaft.<br><br>The Answer referreed to EDTTEX 1 only, not all the EDTTEX piles, as until March 29, 2019, only EDTTEX 1 was claimed to infringe.<br><br>Protrusions or stabbing points to center the pile at the survey location per the design are not novel and exists in all screw piles and been preceded by prior art since at least Moseley, US 1870, 108,814.<br><br>Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13.<br><br>Rice Dec., para. 16. |
| 44. Defendants' EDTTEX piles are filled with concrete and attached to a pile cap that includes concrete and reinforcing steel.<br>Admitted by Defendants.<br>Complaint (D.E. 1) at ¶ 35; Answer | Admitted. This is not novel and preceding art including Verstraeten includes filling the steel shell with concrete, as does Moseley.<br>Admitted but this is not novel and exists in all screw piles and been |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| (D.E. 15) at ¶ 35. | preceded by prior art since at least Moseley, US 1870, 108,814, as well as Verstraeten, 1986, '4,623,025. Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13. |
| 45. EDTTEX tip ED1 has a tapered portion. Decker ¶¶ 47, 48 | Admitted. |
| 46. EDTTEX tip ED1 has a frusto-conical section. Decker ¶ 66; Yeh Decl., ¶ 6, Exh. D, Perko Expert Report at 1 ("Foundation pile tip ED1 consists of a funnel shape with two blades spiraling up the surface.") | Admitted, though the tapered section is shorter and more sever than the Neville patents, and is followed by a second, smaller cylindrical, non-tapered section before its receiving end, that is not part of the Neville claims. Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13. |
| 47. EDTTEX tip ED2M has a tapered portion. Yeh Decl., ¶ 3, Exh. A, Williams Depo, 157:24-158:8; 168:3-11; TPS001249 (Ex. 154); Decker ¶¶ 47, 48; Yeh Decl., ¶ 6, Exh. D, Perko | Denied. The tip is a cast cone or cylindrical cone and not tapered. Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13. A Stepped tapered spiral is not a tapered section of the pile as in Neville's patents. It is a stepped taper |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| Expert Report at 1 ("Foundation pile tips ED2 and ED3 consist of a stepped tapered spiral of varying geometry.") | spiral. See Perko Report and Dec. ¶¶5-13.<br><br>Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph,  each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 48. Foundation sometimes refers to EDTTEX tip ED2M as a "stepped taper."<br>Yeh Decl., ¶ 3, Exh. A, Williams Depo, 157:24-158:8; 168:3-11; TPS001249 (Ex. 154); Yeh Decl., ¶ 6, Exh. D, Perko Expert Report at 1 ("Foundation pile tips ED2 and ED3 consist of a stepped tapered spiral of varying geometry.") | Admitted. |
| 49. EDTTEX tip ED3 tip has a tapered portion.<br>Yeh Decl., ¶ 3, Exh. A, Williams Depo, 157:24-158:8; 168:3-11; TPS001249 (Ex. 154); Decker ¶¶ 47, 48; | It has a stepped tapered spiral, which is unlike Neville's pile tips which have no spiral, and have a taper before a substantially flat end plate. The words and terms are not interchangeable and are not referring to the same shapes. In |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| Yeh Decl., ¶ 6, Exh. D, Perko Expert Report at 1 ("Foundation pile tips ED2 and ED3 consist of a stepped tapered spiral of varying geometry.") | that regard, while the quotation from Perko's report is admitted, the rephrasing of it in this alleged fact is denied. Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13. Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 50. Foundation sometimes refers to EDTTEX tip ED3 as a "stepped taper." Yeh Decl., ¶ 3, Exh. A, Williams Depo, 157:24-158:8; 168:3-11; TPS001249 (Ex. 154); Yeh Decl., ¶ 6, Exh. D, Perko Expert Report at 1 ("Foundation pile tips ED2 and ED3 consist of a stepped tapered spiral of varying geometry.") | Admitted, however the reference to a stepped taper is not interchangeable with the Neville claims where the taper is before a flat plate and has no spiral or stepped tips. Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13. |
| 51. Foundation's internal designation | Admitted. |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| **Plaintiff's Undisputed Material Fact (Proposed)** | **Defendants' Supporting Evidence** |
|---|---|
| TT2 Modified Stepped Taper refers to the EDTTEX tips ED2M and ED3<br>Yeh Decl., ¶ 3, Exh. A, Williams Depo, 157:24-158:8; 168:3-11; TPS001249 (Ex. 154). | |
| 52. The EDTTEX tip ED1 includes a substantially conical portion.<br>Decker Decl., ¶¶ 83-84;<br>Yeh Decl., ¶ 3, Exh. A, Williams Depo, 26:4-13;<br>see also admission by defendants that "EDTTEX piles include a substantially conically shaped pile tip." Complaint (D.E. 1) at ¶ 28; Answer (D.E. 15) at ¶ 28; Yeh Decl., ¶ 6, Exh. D, Perko Expert Report at 1 ("Foundation pile tip ED1 consists of a funnel shape with two blades spiraling up the surface.") | Admitted. |
| 53. The EDTTEX tip ED2M includes a substantially conical portion.<br>Decker Decl., ¶¶ 83-84;<br>see also admission by defendants | Admitted. |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| that "EDTTEX piles include a substantially conically shaped pile tip." Complaint (D.E. 1) at ¶ 28; Answer (D.E. 15) at ¶ 28; Yeh Decl., ¶ 6, Exh. D, Perko Expert Report at 1 ("A spade, fish-tale, or other protrusion can be attached to the conical nose of the drill tips depending on ground conditions.")(emphasis added). | |
| 54. The EDTTEX tip ED3 includes a substantially conical portion. Decker Decl., ¶¶ 83-84; see also admission by defendants that "EDTTEX piles include a substantially conically shaped pile tip." Complaint (D.E. 1) at ¶ 28; Answer (D.E. 15) at ¶ 28; Yeh Decl., ¶ 6, Exh. D, Perko Expert Report at 1 ("A spade, fish-tale, or other protrusion can be attached to the conical nose of the drill tips depending on ground conditions.")(emphasis added). | Admitted. |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| 55. The EDTTEX tip ED1 has a closed end.<br>Decker Decl., ¶¶ 53, 61;<br>Yeh Decl., ¶ 3, Exh. A, Williams Depo, 83:4-12. | Admitted, however, all close-end piles have a close end, and this is not novel and has existed since Moseley, 1870, 108,814.<br>Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13.<br>Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 56. The EDTTEX tip ED2M has a closed end.<br>Decker Decl., ¶¶ 53-55, 57;<br>Yeh Decl., ¶ 3, Exh. A, Williams Depo, 83:4-12. | Admitted, however, all close-end piles have a close end, and this is not novel and has existed since Moseley, 1870, 108,814.<br>Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13.<br>Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | |
| 57. The EDTTEX tip ED3 has a closed end.<br><br>Decker Decl., ¶¶ 53-60;<br>Yeh Decl., ¶ 3, Exh. A, Williams Depo, 83:4-12. | Admitted, however, all close-end piles have a close end, and this is not novel and has existed since Moseley, 1870, 108,814.<br><br>Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13.<br><br>Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 58. The EDTTEX tip ED1 has a helical flight.<br><br>Decker Decl., ¶ 52;<br>Yeh Decl., ¶ 3, Exh. A, Williams Depo, 64:4-65:14;<br>see also admission by Defendants that "Defendants' EDTTEX piles include a helical flight on the exterior of the pile tip." Complaint (D.E. 1) at ¶ 29; Answer (D.E. 15) at ¶ 29; and admission that | Admitted. As do hundreds of pile tips for screw piles since Moseley, 1870, 108,814.<br><br>Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13.<br><br>Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| "Defendants' EDTTEX piles include a helical flight that extends along the exterior surface for a distance of at least one quarter of a circumference of the portion of the shaped pile tip." Complaint (D.E. 1) at ¶ 30; Answer (D.E. 15) at ¶ 30. | |
| 59. The EDTTEX tip ED2M has a helical flight. Decker Decl., ¶ 52; Yeh Decl., ¶ 3, Exh. A, Williams Depo, 42:21-44:16; 45:4-6; 51:24-52:6; 92:25-93:6; see also admission by Defendants that "Defendants' EDTTEX piles include a helical flight on the exterior of the pile tip." Complaint (D.E. 1) at ¶ 29; Answer (D.E. 15) at ¶ 29; and admission that "Defendants' EDTTEX piles include a helical flight that extends along the exterior surface for a distance of at least one quarter of a circumference of the portion of the | The tips are properly characterized as stepped flights, rather than helical flights. The admission was as to EDTTEX 1 only as until March 29, 2019 the only pile tip being claimed to infringe was EDTTEX 1, not EDTTEX 2, 2M or 3.<br><br>The EDTTEX 2, 2M and 3 pile tips are stepped tips, not helical tips. The patents themselves depict these shapes. Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13. The phrasing of the patent 8,727,668 embodying ED 2,at claim 1 itself is different than helical flights and uses the phrases *"plurality of circular* |

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| shaped pile tip." Complaint (D.E. 1) at ¶ 30; Answer (D.E. 15) at ¶ 30. | *stepped flights"* and "*plurality of circular stepped flights" or sometimes, stepped helical flights:*<br><br>*A drill tip for a foundation pile comprising: a soil penetrating body including a plurality of circular stepped flights and a lower end, said plurality of circular stepped flights formed generally in the shape of a descending continuous conic spiral, said plurality of flights having a continuous spiral-shaped lower face and a continuous outer face intersecting said lower face, said lower end having a pilot tip having a generally conical center structure surrounded by a plurality of downwardly extending soil disturbing blades, said blades having lowermost portions extending below said conical center structure in a configuration resembling a swiveling fish tail. "*<br><br>Perko Dec. ¶¶ 14-44 and Williams, |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 60. The EDTTEX tip ED3 has a helical flight.<br>Decker Decl., ¶ 52;<br>Yeh Decl., ¶ 3, Exh. A, Williams Depo, 42:21-44:16; 45:4-6; 51:24-52:6; 92:25-93:6;<br>see also admission by Defendants that "Defendants' EDTTEX piles include a helical flight on the exterior of the pile tip." Complaint (D.E. 1) at ¶ 29; Answer (D.E. 15) at ¶ 29; and admission that "Defendants' EDTTEX piles include a helical flight that extends along the exterior surface for a distance of at least one quarter of a circumference of the portion of the shaped pile tip." Complaint (D.E. 1) at ¶ 30; Answer (D.E. 15) at ¶ 30. | The tips are properly characterized as stepped flights, rather than helical flights. The admission was as to EDTTEX 1 only as until March 29, 2019 the only pile tip being claimed to infringe was EDTTEX 1, not EDTTEX 2, 2M or 3.<br><br>The EDTTEX 2, 2M and 3 pile tips are stepped tips, not helical tips. The patents themselves depict these shapes. Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13.<br>The phrasing of the patent 10,190,280 embodying ED 3 ,at claim 1 itself is different than helical flights and uses the phrase*s "plurality of circular stepped flights"* and "*plurality of circular stepped flights" and "a continuous spiral-shaped lower face:* |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | *or sometimes, stepped helical flights:"*<br><br>*"1. A drill tip for a foundation pile comprising: <u>a plurality of circular stepped flights</u> formed generally in the shape of a <u>descending continuous conic spiral organized around a center axis,</u> said plurality of flights having a <u>continuous spiral-shaped lower face</u>, a continuous outer face, and a lower end, said outer face intersecting said lower face, said outer face having a lower edge and a continuous spiral flight extending radially outwardly from said lower edge, and the lower end of said plurality of stepped flights including a pilot tip having a generally conical center structure surrounded by a plurality of downwardly extending soil disturbing blades having lowermost portions extending below said conical center structure in a configuration resembling a swiveling fish tail."*<br><br>Perko Dec. ¶¶ 14-44 and Williams, |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 61. Foundation attached an EDTTEX tip ED1 to a tubular pile with a substantially constant diameter. Decker Decl., ¶¶ 45-46; Yeh Decl., ¶ 3, Exh. A, Williams Depo, 64:4-8 (Ex. 121); Yeh Decl., ¶ 19 FCI-00498, 00500; see also Defendants' admissions "In Defendants' EDTTEX piles, a pile tip is attached to the tubular pile." Complaint (D.E. 1) at ¶ 44; Answer (D.E. 15) at ¶ 44; see also Yeh Decl., ¶ 6, Exh. D, Perko Expert Report at 2 ("Tubular cylindrical piles of constant diameter are obvious common practice in deep foundation construction.") | Admitted, though that is not novel and pre-dates Plaintiff to at least Moseley, 1870, US 1870. |
| 62. Foundation attached an EDTTEX tip ED1 to a tubular pile with a | Admitted, though that is not novel and pre-dates Plaintiff to at least Moseley, |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| centerline. Decker Decl., ¶¶ 45-46; Yeh Decl., ¶ 3, Exh. A, Williams Depo, 64:4-8 (Ex 121); Yeh Decl., ¶ 19 FCI-00498, 00500; see also Defendants' admission "In Defendants' EDTTEX piles, a pile tip is attached to the tubular pile." Complaint (D.E. 1) at ¶ 44; Answer (D.E. 15) at ¶ 44; and admission "Defendants' EDTTEX piles include a tubular pile with a centerline" Complaint (D.E. 1) at ¶ 26; Answer (D.E. 15) at ¶ 26. | 1870, US 1870. |
| 63. Foundation attaches EDTTEX tip ED2M to a tubular pile with a substantially constant diameter. Decker Decl., ¶¶ 45-46; Yeh Decl., ¶ 3, Exh. A, Williams Depo, 221:6-222:11 Ex. 181 (TPS003562-3564, 3567, 3571, 3572) | Admitted, though that is not novel and pre-dates Plaintiff to at least Moseley, 1870, US 1870. |
| 64. Foundation attaches EDTTEX tip ED2M to a tubular pile with a centerline. | Admitted, though that is not novel and pre-dates Plaintiff to at least Moseley, 1870, US 1870. |

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| Decker Decl., ¶¶ 45-46; Yeh Decl., ¶ 3, Exh. A, Williams Depo, 221:6-222:11 Ex. 181 (TPS003562-3564, 3567, 3571, 3572) | |
| 65. Foundation attaches EDTTEX tip ED3 to a tubular pile with a substantially constant diameter. Decker Decl., ¶¶ 45-46; Yeh Decl., ¶ 3, Exh. A, Williams Depo, 160:15-164:16 Ex. 153 (FCI 02967); 172:20-173:13 (Ex 158); 191:17-192:20 (TPS-003315/Ex 165) | Admitted, though that is not novel and pre-dates Plaintiff to at least Moseley, 1870, US 1870. |
| 66. Foundation attaches EDTTEX tip ED3 to a tubular pile with a centerline. Decker Decl., ¶¶ 45-46; Yeh Decl., ¶ 3, Exh. A, Williams Depo, 160:15-164:16 Ex. 153 (FCI 02967); 172:20-173:13 (Ex 158); 191:17-192:20 (TPS-003315/Ex 165) | Admitted, though that is not novel and pre-dates Plaintiff to at least Moseley, 1870, US 1870. |
| 67. Foundation forms a screw pile by | Admitted, though that is not novel and |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| attaching one or more tubular piles to an EDTTEX tip ED1. Decker Decl., ¶¶ 66, 83, 84; See admission by Defendants that "In Defendants' EDTTEX piles, a pile tip is attached to the tubular pile." (D.E. 1) at ¶ 44; Answer (D.E. 15) at ¶ 44; and fact that EDTTEX tips include ED1 (Yeh Decl., ¶ 3, Exh. A, Williams Depo, 34:15-25; 51:9-52:6; 84:16-22; Exh. 116, 117) | pre-dates Plaintiff to at least Moseley, 1870, US 1870. |
| 68. Foundation forms a screw pile by attaching one or more tubular piles to an EDTTEX tip ED2M. Decker Decl., ¶¶ 66, 83, 84; See admission by Defendants that "In Defendants' EDTTEX piles, a pile tip is attached to the tubular pile." (D.E. 1) at ¶ 44; Answer (D.E. 15) at ¶ 44; and fact that EDTTEX tips include ED2M (Yeh Decl., ¶ 3, Exh. A, Williams Depo, 34:15-25; 51:9-52:6; 84:16-22; Exh. 116, 117) | Admitted, though that is not novel and pre-dates Plaintiff to at least Moseley, 1870, US 1870. |

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| 69. Foundation forms a screw pile by attaching one or more tubular piles to an EDTTEX tip ED3. Decker Decl., ¶¶ 66, 83, 84; See admission by Defendants that "In Defendants' EDTTEX piles, a pile tip is attached to the tubular pile." (D.E. 1) at ¶ 44; Answer (D.E. 15) at ¶ 44; and fact that EDTTEX tips include ED3 (Yeh Decl., ¶ 3, Exh. A, Williams Depo, 34:15-25; 51:9-52:6; 84:16-22; Exh. 116, 117) | Admitted, though that is not novel and pre-dates Plaintiff to at least Moseley, 1870, US 1870. |
| 70. When installing EDTTEX piles, Foundation attaches a drill rig to the screw pile. Decker Decl., ¶¶ 64-65; Yeh Decl., ¶ 3, Exh. A, Williams Depo, 160:15-162:17; 191:17-194:17, Ex 165 (TPS003314-003316); 197:2-198:14; Yeh Decl., ¶ 18, Exh. P, FCI-00288; Yeh Decl., ¶ 19, Exh. Q, FCI-00498, 00500, 00509, 00527, 00528, 00537, 01070, 02214, 02867 | Admitted, though that is not novel and pre-dates Plaintiff to at least Moseley, 1870, US 1870, and in the modern era, since at least Verstraeten, US Patent 4,458,765, 1986. Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13. Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | |
| 71. When installing EDTTEX piles, Foundation positions the screw pile above a preselected location of ground.<br><br>Decker Decl., ¶¶ 64-65;<br>Yeh Decl., ¶ 3, Exh. A,<br>Yeh Decl., ¶ 18, Exh. P, FCI-00288,<br>Yeh Decl., ¶ 19, Exh. Q, FCI-00498, 00500, 01070<br>Yeh Decl., ¶ 17, Exh. O, 02429 | Admitted, though that is not novel and pre-dates Plaintiff to at least Moseley, 1870, US 1870, and in the modern era, since at least Verstraeten, US Patent 4,458,765, 1986.<br><br>Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13.<br><br>Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 72. When installing EDTTEX piles, Foundation rotates the screw pile to facilitate penetration into the ground.<br><br>Decker Decl., ¶¶ 64-65;<br>Yeh Decl., ¶ 3, Exh. A, Williams Depo, 161:23-162:17<br>(accompanying Ex 153, also | Admitted, though that is not novel and pre-dates Plaintiff to at least Moseley, 1870, US 1870, and in the modern era, since at least Verstraeten, US Patent 4,458,765, 1986.<br><br>Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13.<br><br>Perko Dec. ¶¶ 14-44 and Williams, |

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| stamped FCI-02866-02867); Yeh Decl., ¶ 18, Exh. P, FCI-00288, | ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 73. Foundation's EDTTEX piles are configured to be filled with concrete. Decker Decl., ¶¶ 70-71;<br><br>Complaint (D.E. 1) at ¶ 25; Answer (D.E. 15) at ¶ 25 (admitting that at http://www.foundationpiledriving.com/edttex-piles.htm, Defendants state that "The EDTTEX piles are steel and concrete pipe composite piles that are screwed into the ground under very high torque and down-pressure.") | Admitted, though that is not novel and pre-dates Plaintiff to at least Moseley, 1870, US 1870, and in the modern era, since at least Verstraeten, US Patent 4,458,765, 1986.<br><br>Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13.<br>See Moseley, "Nature and Objects of the Invention", "the second part of my invention…and a concrete filling resting on the top of the subfile…"<br><br>Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 74. The pitch of the helical flights on the EDTTEX tip ED1 is about 1 inch to about 5 inches. | Admitted. |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| Decker Decl., ¶ 72. | |
| 75. The pitch of the helical flights on the EDTTEX tip ED2M is about 1 inch to about 5 inches.<br>Decker Decl., ¶ 72. | The tips are properly characterized as stepped flights, rather than helical flights. The stepped flights do not have a pitch distinct from the shape of the conical tip. In this regard, Denied.<br><br>The EDTTEX 2, 2M and 3 pile tips are stepped flights, not helical tips. The patents themselves depict these shapes. Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13.<br>The phrasing of the patent 8,727,668 embodying ED 2, at claim 1 itself is different than helical flights and uses the phrases *"plurality of circular stepped flights"* and "*plurality of circular stepped flights" or stepped helical flights:*<br><br>*A drill tip for a foundation pile comprising: a soil penetrating body including a plurality of circular stepped flights and a lower end, said plurality of circular stepped flights* |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| **Plaintiff's Undisputed Material Fact (Proposed)** | **Defendants' Supporting Evidence** |
|---|---|
| | *formed generally in the shape of a descending continuous conic spiral, said plurality of flights having a continuous spiral-shaped lower face and a continuous outer face intersecting said lower face, said lower end having a pilot tip having a generally conical center structure surrounded by a plurality of downwardly extending soil disturbing blades, said blades having lowermost portions extending below said conical center structure in a configuration resembling a swiveling fish tail. "* Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 76. The pitch of the helical flights on the EDTTEX tip ED3 is about 1 inch to about 5 inches. | The tips are properly characterized as stepped flights, rather than helical flights. In this regard this is Denied. |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| Decker Decl., ¶ 72. | The stepped flights or tips have a pitch matching the shape of the spiral conical tip. |
| | The EDTTEX 2, 2M and 3 pile tips are stepped tips, not helical tips. The patents themselves depict these shapes. Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13. |
| | The phrasing of the patent 10,190,280 embodying ED 2, at claim 1 itself is different than helical flights and uses the phrases *"plurality of circular stepped flights"* and "*plurality of circular stepped flights" or stepped helical flights:* |
| | *A drill tip for a foundation pile comprising: a soil penetrating body including a plurality of circular stepped flights and a lower end, said plurality of circular stepped flights formed generally in the shape of a descending continuous conic spiral, said plurality of flights having a* |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | *continuous spiral-shaped lower face and a continuous outer face intersecting said lower face, said lower end having a pilot tip having a generally conical center structure surrounded by a plurality of downwardly extending soil disturbing blades, said blades having lowermost portions extending below said conical center structure in a configuration resembling a swiveling fish tail. "*<br><br>Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 77. The pitch of the helical flights on the EDTTEX tip ED1 is about 3 inches.<br>Decker Decl., ¶ 73. | Admitted. |
| 78. The pitch of the helical flights on the EDTTEX tip ED2M is about 3 inches. | The tips are properly characterized as stepped flights, rather than helical flights.  The stepped flights do not have |

-42-
DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| **Plaintiff's Undisputed Material Fact (Proposed)** | **Defendants' Supporting Evidence** |
|---|---|
| Decker Decl., ¶ 73. | a pitch distinct from the shape of the conical tip. In this regard, Denied.<br><br>The EDTTEX 2, 2M and 3 pile tips are stepped flights, not helical tips. The patents themselves depict these shapes. Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13.<br>The phrasing of the patent 8,727,668 embodying ED 2, at  claim 1 itself is different than helical flights and uses the phrase*s "plurality of circular stepped flights"* and "*plurality of circular stepped flights" or stepped helical flights:*<br><br>*A drill tip for a foundation pile comprising: a soil penetrating body including a plurality of circular stepped flights and a lower end, said plurality of circular stepped flights formed generally in the shape of a descending continuous conic spiral, said plurality of flights having a continuous spiral-shaped lower face* |

-43-

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | *and a continuous outer face intersecting said lower face, said lower end having a pilot tip having a generally conical center structure surrounded by a plurality of downwardly extending soil disturbing blades, said blades having lowermost portions extending below said conical center structure in a configuration resembling a swiveling fish tail. "* Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 79. The pitch of the helical flights on the EDTTEX tip ED3 is about 3 inches.<br>Decker Decl., ¶ 73. | The tips are properly characterized as stepped flights, rather than helical flights. In this regard this is Denied. The stepped flights or tips have a pitch matching the shape of the spiral conical tip.<br><br>The EDTTEX 2, 2M and 3 pile tips are |

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | stepped tips, not helical tips. The patents themselves depict these shapes. Williams Dec., ¶¶2C-10, Perko Dec., ¶¶5-13. |
| | The phrasing of the patent 10,190,280 embodying ED 2, at claim 1 itself is different than helical flights and uses the phrases *"plurality of circular stepped flights"* and *"plurality of circular stepped flights" and at times, stepped helical flights:* |
| | *A drill tip for a foundation pile comprising: a soil penetrating body including a plurality of circular stepped flights and a lower end, said plurality of circular stepped flights formed generally in the shape of a descending continuous conic spiral, said plurality of flights having a continuous spiral-shaped lower face and a continuous outer face intersecting said lower face, said lower end having a pilot tip having a generally conical center structure* |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
|  | *surrounded by a plurality of downwardly extending soil disturbing blades, said blades having lowermost portions extending below said conical center structure in a configuration resembling a swiveling fish tail. "* Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 80. A helical flight of the EDTTEX tip ED1 extends about 1 circumference of the tapered portion. Decker Decl., ¶ 74. | Admitted. |
| 81. A helical flight of the EDTTEX tip ED2M extends about 1 circumference of the tapered portion. Decker Decl., ¶ 74. Yeh Decl., ¶ 3, Exh. A, Williams Depo, 44:6-20. | Admitted, but its length is longer proportionally to the Neville patent tips. Williams Dec., para 2C-10, Perko Dec., para. 5-13. Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by |

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 82. A helical flight of the EDTTEX tip ED3 extends about 1 circumference of the tapered portion. Decker Decl., ¶ 74.; Yeh Decl., ¶ 3, Exh. A, Williams Depo, 44:6-20 | Admitted. |
| 83. The EDTTEX ED1 tip includes an end plate fixedly attached to the second end of the pile tip. Decker Decl., ¶ 86-87; see also Admission by Defendants that "Defendants' EDTTEX piles include an end plate attached to the second end of the pile tip." Complaint (D.E. 1) at ¶ 33; Answer (D.E. 15) at ¶ 33. | Admitted. |
| 84. The end plate of the EDTTEX ED1 tip has a substantially flat surface disposed perpendicular to the centerline of the tubular pile. Decker Decl., ¶ 86-87; | Admitted. |

-47-
DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| see also Admission by Defendants that "Defendants' EDTTEX piles include an end plate attached to the second end of the pile tip." Complaint (D.E. 1) at ¶ 33; Answer (D.E. 15) at ¶ 33. | |
| 85. The EDTTEX ED1 tip has an end plate blocking or eliminating the opening of the second end of the tapered portion. Decker Decl., ¶¶ 53, 55, 57, 61; see also Admission by Defendants that "Defendants' EDTTEX piles include an end plate attached to the second end of the pile tip." Complaint (D.E. 1) at ¶ 33; Answer (D.E. 15) at ¶ 33. | Denied. The second or tapered portion of the EDTTEX 1 tip is followed by a third section not present in Plaintiff's pile tips, of a smaller cylindrical section, which then in turn has a later plate or small end piece that closes the pile tip other than a square receiving hole for a drill bit attachment or stabbing point. Williams Dec., para 2C-10, Perko Dec., para. 5-13. Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 86. The EDTTEX tip ED1 includes a protrusion extending from the end | Admitted but this was not novel or new at the time of Plaintiffs' patents. |

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| plate. Decker Decl., ¶¶ 53, 55, 57, 61; Yeh Decl., ¶ 6, Exh. D, Perko Expert Report at 1; Yeh Decl., ¶ 3, Exh. A, Williams Depo, 26:4-13; see also Defendants' admission that "Defendants' EDTTEX piles include a protrusion extending from the end plate."  Complaint (D.E. 1) at ¶ 34; Answer (D.E. 15) at ¶ 34. | Williams Dec., para 2C-10, Perko Dec., para. 5-13.<br><br>Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 87. The EDTTEX ED2M tip includes an end plate fixedly attached to the second end of the pile tip. Decker Decl., ¶ 86-87; see also Admission by Defendants that "Defendants' EDTTEX piles include an end plate attached to the second end of the pile tip." Complaint (D.E. 1) at ¶ 33; Answer (D.E. 15) at ¶ 33. | Admitted, in part, denied in part. The second or tapered portion of the EDTTEX 1 tip is followed by a third section not present in Plaintiff's pile tips, of a smaller cylindrical section, which then in turn has a later plate or small end piece that closes the pile tip other than a square receiving hole for a drill bit attachment or stabbing point. The configuration on EDTTEX 1 has additional and different elements (the tubular section after the taper) not present in Plaintiffs' patents. Williams Dec., para 2C-10, Perko Dec., |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | para. 5-13.<br><br>Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 88. The end plate of the EDTTEX ED2M tip has a substantially flat surface disposed perpendicular to the centerline of the tubular pile. Decker Decl., ¶ 86-87; see also Admission by Defendants that "Defendants' EDTTEX piles include an end plate attached to the second end of the pile tip." Complaint (D.E. 1) at ¶ 33; Answer (D.E. 15) at ¶ 33. | Denied. Neither ED2M nor ED 3 have an end plate, nor a flat end plate, nor a substantially flat surface, nor does its tip dispose perpendicular to the centerline of the tubular pile, but typically at a pronounced angle. Williams Dec., para 2C-10, Perko Dec., para. 5-13.<br><br>See patents US, 8,727,668 and, 10,190,280, and diagrams, Williams Dec., Ex.'s 7 and 8.<br><br>Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in |

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | support of motion). |
| 89. The EDTTEX ED2M tip has an end plate blocking or eliminating the opening of the second end of the tapered portion.<br>Decker Decl., ¶¶ 53-55, 57;<br>see also Admission by Defendants that "Defendants' EDTTEX piles include an end plate attached to the second end of the pile tip."<br>Complaint (D.E. 1) at ¶ 33; Answer (D.E. 15) at ¶ 33. | Denied. The ED2M does not have a tapered portion but a conical tip. Admitted that the end of the tip is closed not open, unlike the Verstraeten Tubex and Fundex tips which are open ended.<br>See patents US, 8,727,668 and, 10,190,280, and diagrams, Williams Dec., Ex.'s 7 and 8.<br>Williams Dec., para 2C-10, Perko Dec., para. 5-13.<br><br>Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 90. The EDTTEX tip ED2M includes a protrusion extending from the end plate.<br>Decker Decl., ¶¶ 53-55, 57; | Admitted but this was not novel or new at the time of Plaintiffs' patents.<br>Williams Dec., para 2C-10, Perko Dec., para. 5-13. |

-51-
DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| Yeh Decl., ¶ 6, Exh. D, Perko Expert Report at 1; <br> see also Defendants' admission that "Defendants' EDTTEX piles include a protrusion extending from the end plate."  Complaint (D.E. 1) at ¶ 34; Answer (D.E. 15) at ¶ 34. | Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 91. The EDTTEX ED3 tip includes an end plate fixedly attached to the second end of the pile tip. <br> Decker Decl., ¶ 86-87; <br> see also Admission by Defendants that "Defendants' EDTTEX piles include an end plate attached to the second end of the pile tip." Complaint (D.E. 1) at ¶ 33; Answer (D.E. 15) at ¶ 33. | Denied. The Admission pertained to EDTTEX 1 which was the only tip in contention until March 29, 2019. <br><br> Rice Dec., para. 16. <br><br> ED 3 does not have an end plate. Williams Dec., para 2C-10, Perko Dec., para. 5-13. <br> See patents US, 8,727,668 and 10,190,280, and diagrams, Williams Dec., Ex.'s 7 and 8. <br><br> Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| **Plaintiff's Undisputed Material Fact (Proposed)** | **Defendants' Supporting Evidence** |
|---|---|
| | |
| 92. The end plate of the EDTTEX ED3 tip has a substantially flat surface disposed perpendicular to the centerline of the tubular pile. Decker Decl., ¶ 86-87; see also Admission by Defendants that "Defendants' EDTTEX piles include an end plate attached to the second end of the pile tip." Complaint (D.E. 1) at ¶ 33; Answer (D.E. 15) at ¶ 33. | Denied. The Admission pertained to EDTTEX 1 which was the only tip in contention until March 29, 2019.<br><br>Rice Dec., para. 16.<br><br>ED 3 does not have an end plate. Williams Dec., para 2C-10, Perko Dec., para. 5-13.<br>See patents US, 8,727,668 and, 10,190,280, and diagrams, Williams Dec., Ex.'s 7 and 8.<br><br>Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 93.The EDTTEX ED3 tip has an end plate blocking or eliminating the opening of the second end of the | Denied. The Admission pertained to EDTTEX 1 which was the only tip in contention until March 29, 2019. |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| tapered portion. Decker Decl., ¶¶ 53-60; see also Admission by Defendants that "Defendants' EDTTEX piles include an end plate attached to the second end of the pile tip." Complaint (D.E. 1) at ¶ 33; Answer (D.E. 15) at ¶ 33. | Rice Dec., para. 16.<br><br>ED 3 does not have an end plate. It comes to a tip like any cone. Williams Dec., para 2C-10, Perko Dec., para. 5-13.<br>See patents US, 8,727,668 and, 10,190,280, and diagrams, Williams Dec., Ex.'s 7 and 8.<br><br>Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 94. The EDTTEX tip ED3 includes a protrusion extending from the end plate. Decker Decl., ¶¶ 53-60; Yeh Decl., ¶ 6, Exh. D, Perko Expert Report at 1; Yeh Decl., ¶ 3, Exh. A, Williams | Denied. The Admission pertained to EDTTEX 1 which was the only tip in contention until March 29, 2019.<br><br>Rice Dec., para. 16.<br><br>ED 3 does not have an end plate. To |

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| Depo, 34:15-25; 48:3-16 (Ex. 116/FCI 00581); see also Defendants' admission that "Defendants' EDTTEX piles include a protrusion extending from the end plate." Complaint (D.E. 1) at ¶ 34; Answer (D.E. 15) at ¶ 34. | that extend, denied. It has a conical tip and can have a protrusion or stabbing point at the end of the pointed tip. Williams Dec., para 2C-10, Perko Dec., para. 5-13. See patents US, 8,727,668 and, 10,190,280, and diagrams, Williams Dec., Ex.'s 7 and 8.<br><br>Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 95. The component portions of the EDTTEX tip ED1 are welded together. Yeh Decl., ¶ 3, Exh. A, Williams Depo, 65:8-11 Yeh Decl., ¶ 18, Exh. P, | The phrase "component part" is vague and misleading, and to that extent, Denied, usually the EDTTEX 1 tip is Cast. Williams, para. 2C to 10. The welded portion is the protrusion onto the very end which can be welded on but usually with a male-female nipple connection from the drill bit to |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | the end of the pile tip. Williams Dec. , para. 24, 36, 38, 39.<br><br>Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 96. The EDTTEX tip ED2M is composed of a cast ED2 tip, with helical flights that are welded on. Yeh Decl., ¶ 3, Exh. A, Williams Depo, 42:21-44:16; 45:4-6; 51:24-52:6; 92:25-93:6 | Admitted, though the technical description in the patent is stepped flights, or stepped helical flights. Williams Dec., para 2C-10, Perko Dec., para. 5-13.<br>See patents US, 8,727,668 and, 10,190,280, and diagrams, Williams Dec., Ex.'s 7 and 8.<br><br>Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| 97. In the current version of the EDTTEX tip ED3, the ED3 is composed of a cast ED2 tip, with helical flights that are welded on. Yeh Decl., ¶ 3, Exh. A, Williams Depo, 42:21-44:16; 45:4-6; 51:24-52:6; 92:25-93:6 | Admitted, though the technical description in the patent is stepped flights, or stepped helical flights. Williams Dec., para 2C-10, Perko Dec., para. 5-13. See patents US, 8,727,668 and, 10,190,280, and diagrams, Williams Dec., Ex.'s 7 and 8.<br><br>Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 98. In the future version of the EDTTEX tip ED3, all portions of the ED3 will be cast. Yeh Decl., ¶ 3, Exh. A, Williams Depo, 51:24-52:9. | Admitted. |
| 99. In the EDTTEX tip ED3, the cast tip may be cut off and a new tip welded on. Yeh Decl., ¶ 3, Exh. A, Williams | Admitted. |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| Depo, 48:3-49:2 | |
| 100.   The EDTTEX tips ED2M and ED3 tips are both created from the ED2 tip.<br>Yeh Decl., ¶ 3, Exh. A, Williams Depo, 42:21-44:16; 45:4-6; 51:24-52:6; 92:25-93:6 | Admitted.<br>See patents US, 8,727,668 and, 10,190,280, and diagrams, Williams Dec., Ex.'s 7 and 8. |
| 101.   The difference between the EDTTEX ED2M and ED3 tips are the widths of the helical flights on the exterior of the pile tip.<br>Yeh Decl., ¶ 3, Exh. A, Williams Depo, 47:18-48:2 | Admitted; though the technical term in the two Foundation patents are stepped flights or stepped helical flights.<br><br>See patents US, 8,727,668 and, 10,190,280, and diagrams, Williams Dec., Ex.'s 7 and 8. |
| 102.   The EDTTEX tip ED2M adds on a lower helical flight made from a 1-inch plate, and a smaller upper helical flight.<br>Yeh Decl., ¶ 3, Exh. A, Williams Depo, 44:6-45:3 | Admitted; though the technical term in the two Foundation patents are stepped flights or stepped helical flights.<br><br>See patents US, 8,727,668 and, 10,190,280, and diagrams, Williams Dec., Ex.'s 7 and 8.<br>See prior art, Verstraeten US Patent 4,458,765, 1986, and Williams Dec., Ex's 2 (1992 photo) and Ex. 9, |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | Verstraeten 1982 brochure depicting a tip for open-ended, grout injection pile tips that is similar in shape though in different application to a closed ended EDTTEX system in US, 8,727,668 and, 10,190,280. |
| 103.   The EDTTEX tip ED3 adds on a lower helical flight made from a 2-inch plate, and a smaller upper helical flight.<br>Yeh Decl., ¶ 3, Exh. A, Williams Depo, 47:18-48:2; Ex. 116/FCI-00581 | Admitted (meaning adding to a ED 2). See patents US, 8,727,668 and, 10,190,280, and diagrams, Williams Dec., Ex.'s 7 and 8. |

### *The `708 and `236 Patents Contemplated Cast or Fabricated Pile Tips*

| | |
|---|---|
| 104.   The `708 and `236 patents state that the pile tip may be hand fabricated from separate pieces of steel stock.<br>U.S. Pat. No. 7,914,236 at col. 4, lines 58-59 ("For example, the pile tip 10 could be cast as a single unit rather than hand fabricated from separate pieces of steel stock."); U.S. Pat. No. 9,284,708 at col. 3, | Admitted. |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| lines 54-56. | |
| 105.   The `708 and `236 patents state that the pile tip may be cast as a single unit. U.S. Pat. No. 7,914,236 at col. 4, lines 58-59 ("For example, the pile tip 10 could be cast as a single unit rather than hand fabricated from separate pieces of steel stock."); U.S. Pat. No. 9,284,708 at col. 3, lines 54-56. | Admitted. Any steel can be cast or made from fabricated sheet steel. |
| ***Foundation's Expert Does Not Dispute Any Material Facts*** | |
| 106.   For U.S. Pat. No. 7,914,236, the Expert Report of Foundation's Expert Dr. Perko presents a single noninfringement argument:  that the accused devices do not have "a substantially flat plate at the termination of the pile tip." Yeh Decl., ¶ 6, Exh. D, Perko Expert Report at 1-6. | Denied. See Perko Dec., ¶¶5-13 addressing invalidity and non-infringement, and attaching his expert report; Perko Dec. ¶¶ 14-44 (addressing each of Dr. Rand Decker's opinions in his declaration filed in support of motion). Also, Williams is an expert and presented his non-infringement opinions, Williams Dec., para's 2C-41. |
| 107.   No claim limitation in U.S. Pat. No. 7,914,236 requires "a substantially flat plate at the | The Claims Construction Order does not modify the language of the patent. The short hand of Mr. Perko refers to |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| termination of the pile tip." U.S. Pat. No. 7,914,236; Claim Construction Order (D.E. 43) at 10 ("Defendants argue that "substantially flat" must mean "flat" because "[o]nly a flat piece of metal can be 'disposed perpendicular to the centerline of the tubular pile' as a matter of geometric principle." (Dkt. 32 at 3.) Defendants' argument would only apply if the end plate was required to be perpendicular to the centerline along the entire width of the end plate. Defendants are not arguing for such a limitation and such a limitation is not found in the claims or specification.") | the patent claim language itself of an end plate, having a substantially flat surface, disposed perpendicular to the centerline of the pile. See Perko Dec., ¶¶5-13 addressing invalidity and non-infringement, and attaching his expert report; Perko Dec. ¶¶ 14-44 (addressing each of Dr. Rand Decker's opinions in his declaration filed in support of motion). Mr. Perko explained his shorthand in his declaration. Perko Dec., para. 6(C): "The only potentially novel aspect of SSI's '236 patent and '708 patent seems to be the substantially flat plate at the termination of the pile tip. In the patent '236 itself, the wording is, ""…an end plate disposed at the second pile tip end, the end plate having *a substantially flat surface* disposed perpendicular to the centerline…" Claim 12, 19, emphasis |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | added.  While my report discusses this in shorthand, as "the substantially flat plate", from the descriptions in the patent and the diagrams, the claim wording ""…an end plate disposed at the second pile tip end, the end plate having *a substantially flat surface* disposed perpendicular to the centerline…" means the same thing; my report though using that short hand was referring to the actual patent claim language in claims 12 and 19 of patent '236, which the Court ruled needed no further claim construction."

Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
|  |  |
| 108.   For Claim 29 of U.S. Pat. No. 9,284,708, the Expert Report of Foundation's Expert Dr. Perko presents only one noninfringement argument:  that the accused devices do not have "a substantially flat plate at the termination of the pile tip." <br> Yeh Decl., ¶ 6, Exh. D, Perko Expert Report at 1, 8. | Denied. See Perko Dec., ¶¶5-13 addressing invalidity and non-infringement, and attaching his expert report; Perko Dec. ¶¶ 14-44 (addressing each of Dr. Rand Decker's opinions in his declaration filed in support of motion). <br> Also, Williams is an expert and presented his declaration and non-infringement opinions. Williams Dec., para's 2C-41. |
| 109.   The claim limitation "end plate having a substantially flat surface disposed perpendicular to the centerline of the tubular pile" does not require the entire end plate to be substantially flat. <br> U.S. Pat. No. 7,914,236; Claim Construction Order (D.E. 43) at 8-11. | Admitted in part. The end plate does have to be a substantially flat surface as the Claim Construction Order did not modify the underlying term of the patent, <br> Claims 1, 12, 19, 29, 32 of patent '236, ""…an end plate disposed at the second pile tip end, the end plate having *a substantially flat surface.*" <br> Further, the patent claim history shows that this language was required to overcome repeated rejections from language that did not describe an end |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
|  | plate of a substantially flat surface. Rice Dec., Ex. 29, 30. |
| 110.   The claim limitation "end plate having a substantially flat surface disposed perpendicular to the centerline of the tubular pile" does not require the end plate to be perpendicular to the centerline along the entire width of the end plate. U.S. Pat. No. 7,914,236; Claim Construction Order (D.E. 43) at 10 ("Defendants argue that "substantially flat" must mean "flat" because "[o]nly a flat piece of metal can be 'disposed perpendicular to the centerline of the tubular pile' as a matter of geometric principle." (Dkt. 32 at 3.) Defendants' argument would only apply if the end plate was required to be perpendicular to the centerline along the entire width of the end plate. Defendants are not arguing for such a limitation and such a | Admitted in part. The end plate does have to be a substantially flat surface as the Claim Construction Order did not modify the underlying term of the patent, Claims 1, 12, 19, 29, 32 of patent '236, ""…an end plate disposed at the second pile tip end, the end plate having *a substantially flat surface.*" Further, the patent claim history shows that this language was required to overcome repeated rejections from language that did not describe an end plate of a substantially flat surface. Rice Dec., Ex. 29, 30. |

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| limitation is not found in the claims or specification.") | |
| 111.    The claim limitation "end plate having a substantially flat surface disposed perpendicular to the centerline of the tubular pile" does not require the entire end plate to be "at the termination of the pile tip." U.S. Pat. No. 7,914,236; Claim Construction Order (D.E. 43) at 8-11. | Denied.  Other than any protrusion or point affixed to the end plate, the end plate is the ending plate of the '236 and '708 patents. Claims 1, 12, 19, 29, 32 of patent '236, ""…an end plate disposed at the second pile tip end, the end plate having *a substantially flat surface."* Further, the patent claim history shows that this language was required to overcome repeated rejections from language that did not describe an end plate of a substantially flat surface. Rice Dec., Ex. 29, 30. Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 112.    The patents disclose multiple embodiments with a protrusion extending beyond the end plate, so | Denied. The patent claim history reflects that until the language of an end plate was added the patent was |

-65-
DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| the end plate is not "at the termination of the pile tip." U.S. Pat. No. 7,914,236 at 4:28-35; 6:60-63; 7:3-12, 14-27; Figs. 1, 2, 4, 5; Claims 4, 5, 13, 20, 22-26, 31, 39; U.S. Pat. No. 9,284,708 at Figs. 1, 2, 4, 5; Claims 1, 24-28, 31, 39. | rejected as obvious and indefinite. Rice Dec., Ex.29, 30. The protrusion is not the pile tip but a protrusion or point beyond the patents' '236 and '708 description of the end of the pile tip. See '236 patent, claim 22: "22. The screw pile substructure support system of claim 19, wherein the end plate comprises at least one protrusion extending in a direction away from the shaped pile tip." This language in patent '236 signifies that the "protrusion" in the patent claims is not treated as the end of the pile tip; the end plate is the end of the pile tip, and the protrusion is "extending in a direction away from the shaped pile tip." The "embodiments" describe different cutter teeth or protrusion configurations but referencing diagrams always showing an end plate having a substantially flat surface: |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | "FIGS. 4 and 5 show alternative embodiments of a conical pile tip 40 comprised of a substantially conically shaped body sharing a centerline with the pile 41 to which it is attached, as well as a helical flight 45 attached to the outside surface of the pile tip 40, and cutter teeth 46 extending out radially from the centerline of the pile tip 40. In the embodiment shown, the cutter teeth 46 are provided disposed in a spiral pattern on the outside surface of the pile tip 40 and spaced vertically apart from one another in one inch intervals. An end plate 49 is provided as a bottom surface to the conical body of the pile tip 40. Welds 42 secure the end plate 49 and the pile 41 to the conical body. Triangular cutter teeth 48 are provided extending out axially from the end plate 49 of the pile tip 40, which pile tip 40 is not provided with a point shaft in the embodiment shown in contrast with the pile tip 10 of FIG. 1. |

-67-
DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | In the embodiment illustrated in FIG. 4, the endplate 49 has a diameter of 8 inches and the helical flight has a end to end width of 15 inches. Also, the height of the conically shaped body, from the pile 41 to the endplate 49, is 18 inches and the diameter of the pile 41 is 12.75 inches. The embodiments of pile tips illustrated in FIGS. 1, 2, 4A, 5, 7, and 8 can have similar dimensions.<br><br>In an alternative embodiment, a bifurcated point shaft may be provided as a component of the pile tip 40 having two prongs, and in a further alternative embodiment these prongs may be twisted in a helix to better serve to break up soil to allow the pile tip 40 to more easily be turned into a soil bed. In another embodiment, the pile tip 40 may be provided with hardened or carbide tipped cutter teeth 46 or 48 to better stand up to harder soil conditions; the edge of the flight 45 |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | may also be hard surfaced for the same reason. In yet another alternative embodiment, additional flights 45 could be added on the outside surface of the pile tip 40. In yet another alternative embodiment, the pile tip 40 may be provided with an extended shaft thinner in diameter than the end plate 49 and extending out axially from the end plate 49 in place of a point shaft. This extended shaft may include its own helical flight or flights separate from the flight 45 provided on the outside surface of the pile tip 40. FIG. 4A illustrates the extended shaft with its own helical flight.

FIG. 6 show various embodiments of cutter teeth for use with a conical pile tip. Namely, a point shaft 62 and cutter tooth 63 are shown which may be provided extending out axially from the end plate of a pile tip 40. A cutter tooth 63 is also shown which may be provided extending out radially from |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | the centerline of a pile tip." In other words, Figures 4, 4A and 5 of the '236 patent, and '708 patent, show what is meant by the different described embodiments, ***and only show different protrusions or lack of protrusions below the end plate*** (the substantially flat end plate) but do not deviate or show embodiments other than a flat or substantially flat end plate.<br><br>***The embodiments are different protrusions for initiating contact with the ground, not different end plate shapes.*** Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 113.   Claim 29 of U.S. Pat. No. 9,284,708 does not require "a | Denied. The patent claim history reflects that until the language of an |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| substantially flat plate at the termination of the pile tip." U.S. Pat. No. 7,914,236, Claim 19; Claim Construction Order (D.E. 43) at 10 ("Defendants argue that "substantially flat" must mean "flat" because "[o]nly a flat piece of metal can be 'disposed perpendicular to the centerline of the tubular pile' as a matter of geometric principle." (Dkt. 32 at 3.) Defendants' argument would only apply if the end plate was required to be perpendicular to the centerline along the entire width of the end plate. Defendants are not arguing for such a limitation and such a limitation is not found in the claims or specification.") | end plate was added the patent was rejected as obvious and indefinite. Rice Dec., Ex.29, 30. The protrusion is not the pile tip but a protrusion or point beyond the patents' '236 and '708 description of the end of the pile tip. See '236 patent, claim 22: "22. The screw pile substructure support system of claim 19, wherein the end plate comprises at least one protrusion extending in a direction away from the shaped pile tip." This language in patent '236 signifies that the "protrusion" in the patent claims is not treated as the end of the pile tip; the end plate is the end of the pile tip, and the protrusion is "extending in a direction away from the shaped pile tip." The "embodiments" describe different cutter teeth or protrusion configurations but referencing diagrams always showing an end plate having a |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | substantially flat surface: |
| | "FIGS. 4 and 5 show alternative embodiments of a conical pile tip 40 comprised of a substantially conically shaped body sharing a centerline with the pile 41 to which it is attached, as well as a helical flight 45 attached to the outside surface of the pile tip 40, and cutter teeth 46 extending out radially from the centerline of the pile tip 40. In the embodiment shown, the cutter teeth 46 are provided disposed in a spiral pattern on the outside surface of the pile tip 40 and spaced vertically apart from one another in one inch intervals. An end plate 49 is provided as a bottom surface to the conical body of the pile tip 40. Welds 42 secure the end plate 49 and the pile 41 to the conical body. Triangular cutter teeth 48 are provided extending out axially from the end plate 49 of the pile tip 40, which pile tip 40 is not provided with a point shaft in the embodiment shown in |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | contrast with the pile tip 10 of FIG. 1. In the embodiment illustrated in FIG. 4, the endplate 49 has a diameter of 8 inches and the helical flight has a end to end width of 15 inches. Also, the height of the conically shaped body, from the pile 41 to the endplate 49, is 18 inches and the diameter of the pile 41 is 12.75 inches. The embodiments of pile tips illustrated in FIGS. 1, 2, 4A, 5, 7, and 8 can have similar dimensions.<br><br>In an alternative embodiment, a bifurcated point shaft may be provided as a component of the pile tip 40 having two prongs, and in a further alternative embodiment these prongs may be twisted in a helix to better serve to break up soil to allow the pile tip 40 to more easily be turned into a soil bed. In another embodiment, the pile tip 40 may be provided with hardened or carbide tipped cutter teeth 46 or 48 to better stand up to harder soil |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | conditions; the edge of the flight 45 may also be hard surfaced for the same reason. In yet another alternative embodiment, additional flights 45 could be added on the outside surface of the pile tip 40. In yet another alternative embodiment, the pile tip 40 may be provided with an extended shaft thinner in diameter than the end plate 49 and extending out axially from the end plate 49 in place of a point shaft. This extended shaft may include its own helical flight or flights separate from the flight 45 provided on the outside surface of the pile tip 40. FIG. 4A illustrates the extended shaft with its own helical flight. |
| | FIG. 6 show various embodiments of cutter teeth for use with a conical pile tip. Namely, a point shaft 62 and cutter tooth 63 are shown which may be provided extending out axially from the end plate of a pile tip 40. A cutter tooth 63 is also shown which may be |

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| | provided extending out radially from the centerline of a pile tip." Figures 4, 4A and 5 of reach patent show different protrusions or lack of protrusions below the end plate (the substantially flat end plate) but do not deviate or show embodiments other than a flat or substantially flat end plate. ***The embodiments are different protrusions for initiating contact with the ground, not different end plate shapes.*** Perko Dec. ¶¶ 14-44 and Williams, ¶¶12-41 (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 114.   For Claims 1-6, 25-28, 31 and 39 of U.S. Pat. No. 9,284,708, the Expert Report of Foundation's | Denied. Perko Dec. ¶¶5-13, ¶¶ 14-44 and Williams, ¶¶2C-10, ¶¶12-41 |

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

| Plaintiff's Undisputed Material Fact (Proposed) | Defendants' Supporting Evidence |
|---|---|
| Expert Dr. Perko does not present any noninfringement arguments. Yeh Decl., ¶ 6, Exh. D, Perko Expert Report at 1, 6-9. | (addressing in order and by paragraph, each of Dr. Rand Decker's opinions in his declaration filed in support of motion). |
| 115.   Other than its discussion of "a substantially flat plate at the termination of the pile tip," the Expert Report of Foundation's expert Dr. Perko does not identify any claim elements purportedly missing from the accused ED1, ED2M and ED3 EDTTEX tips. Yeh Decl., ¶ 6, Exh. D, Perko Expert Report. | Denied. See Perko Dec., ¶¶5-13 addressing invalidity and non-infringement, and attaching his expert report; Perko Dec. ¶¶ 14-44 (addressing each of Dr. Rand Decker's opinions in his declaration filed in support of motion). Also, Williams is an expert and presented his declaration and non-infringement opinions. Williams Dec., para's 2C-41. |
| | |

**Proposed Conclusions of Law Denying Plaintiffs' Motion and Granting Defendants' own Motion for Summary Judgment**

1.      Plaintiffs are *not* entitled to summary judgment of infringement pursuant to Fed. R. Civ. Proc. 56 because they have not demonstrated that there is no genuine issue of material fact with respect to the presence of each and every element of the asserted claims.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

1    2.    Plaintiffs bear the initial burden of proof, and must show infringement

2  by a preponderance of the evidence.  *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543

3  F.3d 665, 679 (Fed. Cir. 2008) ("…the patentee bears the ultimate burden of proof

4

5  to demonstrate infringement by a preponderance of the evidence.").

6    3.    Plaintiffs have completed a proper infringement analysis:  they have

7  applied the properly construed claims to the accused instrumentalities, and shown

8

9  that each limitation is literally present. *TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d

10  1360, 1369 (Fed. Cir. Apr. 2002) (citing *Markman v. Westview Instruments, Inc.*,

11

12  52 F.3d 967, 976 (Fed. Cir. 1995)).

13    4.    Defendants presented admissible evidence to support Defendants'

14  claims of noninfringement, in particular, in the declarations of Bryl Williams and

15

16  Howard Perko, that the subject patents '236 and '708 are invalid against prior art,

17  that efforts in the '708 patent to dilute the "end plate" and "substantially flat"

18  descriptions required by the examiner for allowance of the '236 patent, by

19

20  language of a "closing end" are precluded. The Rice Declaration also cited to

21  patent claim history at Exhibits 29-reflecting that the addition of "end plate" and

22  "substantially flat surface" and "disposed perpendicular to the Centerline of the

23

24  pile at claims 1, 19, 29, 32 and 33 were required to overcome rejection as

25  indefinite and obvious as to prior art beginning with Moseley, 1870, US 108,814.

26  The one year on sale bar applies and is shown by the commercial sale of the

27  subject tips in 2003 on the Benchmark project, using the same pile tip diagrams

28

-77-

later used by Plaintiffs in the March 2, 2005 patent application. Rice Dec., Exhibits 1-8.   The burden has shifted to Plaintiffs to show that the patents are valid, that Defendants infringed, that the long delay after the August 12, 2009 Cease & Desist Letter, is not an estoppel and abandonment, and that the on sale bar of 35 USC 102 does not apply. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

5.      In these cross-motions, the burden thus shifted to Plaintiffs to identify evidence that shows that a genuine dispute exists as to material facts.   *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

6.      No genuine material facts are in dispute in each of the following respects. One, as a matter of law the 2003 Benchmark project piling and using the same pile tip diagrams as later used for the March 2, 2005 patent application, was a commercial sale and therefore the one year on sale bar rule of 35 USC 102 applies. *Finistar Corp. v. DirectTV Group, Inc.,* 523 F3rd 1323, 1334 (Fed. Cir.2008). See also, *Helsinn HealthCare, S.A. v. Teva Pharmaceuticals,* 586 US __ (2019). *Pfaff v. Wells Electronics, Inc.,* 525 U.S. 55, 67 (1998). The offer for sale and sale results in a bar to the later patent. It was published in the October 2, 2003 City of Los Angeles letter, public record in the Building Department file, as approval of the same pile tips and pile tip diagrams as depicted in the patent application filed 17 months later on March 2, 2005.

7.      Secondly, Plaintiffs have not overcome their burden to show the subject patents are not invalid due to prior art, beginning with Moseley, 1870 US

-78-
DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

108, 814, Stawbag, and Verstraeten (1986) referenced in the patents.

8.     Third, Plaintiffs have not overcome their burden to show infringement, and no reasonable jury could find infringement by Defendants EDTTEX 2 and 3. While EDTTEX 1 is a closer case, Defendants have not meet their burden, as the configuration of EDTTEX 1 has different elements such as no cutter teeth, a shorter, more severe taper, a lower cylindrical section not present in the patents, and no end plate of equal diameter. No reasonable jury could return a verdict of noninfringement.  *TechSearch, LLC v. Intel Corp.,* 286 F3rd 1360 (Fed. Cir. 2002), 1371; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

9.     Additionally, Plaintiffs have not met their burden to show a lack of estoppel and abandonment, after undisputed evidence of the 8.4 years of silence and inaction after the exchange of Cease & Desist letters in August 2009, and evidence of prejudice to Foundation from that inaction and silence. Foundation continued to explore its stepped pile tips all the way to patent issuances, US, 8,727,668 and, 10,190,280. Foundation did not order more EDTTEX 1 tips. The parties for years bid head to head with Plaintiffs not objecting to the EDTTEX 2 and 3 stepped tips, and not objecting to Foundation's patent applications. Foundation could reasonably assume with EDTTEX 1 no longer in contention or use, that Plaintiffs were making no claim as to the different EDTTEX 2 and 3 tips.

10.     Foundation's argument that it's ED1, ED2M and ED3 tips do not include "an end plate, having a substantially flat surface, and disposed

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

perpendicular to the centerline of the pile" is material. In light of the patent claim history, such a limitation is not required by the claims, and Plaintiffs were required to cede more indefinite language during the claim prosecution history. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

11.     The Court's findings on claim construction, did not construe the end plate leaving the patent language to be defined by its own words. *TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1369 (Fed. Cir. Apr. 2002) (citing *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995)).The patent claim history shows that the combination of an end plate, of a substantially flat surface, and disposed perpendicular to the centerline of the tubular pile, were required to secure the patent, and material, and are not infringed by Defendants' EDTTEX 1, 2 or 3 which lack such features, along with other differences (no cutter teeth, a second, smaller tubular section after the EDTTEX 1 taper, shorter helicals on EDTTEX 1, spiral stepped flights, no tapered section, and the ending point not perpendicular to the pile).

12.     Defendants' EDTTEX ED1, as installed, does not include all limitations of Claims 1-4 and 25-29 of the `708 patent.

13.     Defendants' EDTTEX ED1, as installed, does not include all limitations of Claims 1, 2, 4, 16, 18, and 22-27 of the `236 patent.

14.     Defendants did not practice the method of Claim 31 of the `708 patent when they installed EDTTEX piles with the ED1 tip. Also, the claimed method is

-80-

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

invalid and preceded by prior art, beginning with Moseley and Verstraeten. Turning a pile in a torqued-in fashion with the top of the pile held by the rotary motor in some fashion is as old as screw piles themselves.

15.     Defendants did not practice the method of Claim 33 of the `236 patent when they installed EDTTEX piles with the ED1 tip. Also, the claimed method is invalid and preceded by prior art, beginning with Moseley and Verstraeten. Turning a pile in a torqued-in fashion with the top of the pile held by the rotary motor in some fashion is as old as screw piles themselves.

16.     Defendants' EDTTEX ED2M, as installed, does not include all limitations of Claims 1-4 and 25-28 of the `708 patent.

17.     Defendants' EDTTEX ED2M, as installed, does not include all limitations of Claims 1, 2, 4, 16, 18, and 22-27 of the `236 patent.

18.     Defendants did not practice the method of Claim 31 of the `708 patent when they installed EDTTEX piles with the ED2M tip. Also, the claimed method is invalid and preceded by prior art, beginning with Moseley and Verstraeten. Turning a pile in a torqued-in fashion with the top of the pile held by the rotary motor in some fashion is as old as screw piles themselves.

19.     Defendants did not practice the method of Claim 33 of the `236 patent when they installed EDTTEX piles with the ED2M tip. Also, the claimed method is invalid and preceded by prior art, beginning with Moseley and Verstraeten. Turning a pile in a torqued-in fashion with the top of the pile held by the rotary

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

motor in some fashion is as old as screw piles themselves.

20.     Defendants' EDTTEX ED3, as installed, does not include all limitations of Claims 1-4 and 25-28 of the `708 patent.

21.     Defendants' EDTTEX ED3, as installed, does not include all limitations of Claims 1, 2, 4, 16, 18, and 22-27 of the `236 patent.

22.     Defendants did not practice the method of Claim 31 of the `708 patent when they installed EDTTEX piles with the ED3 tip. Also, the claimed method is invalid and preceded by prior art, beginning with Moseley and Verstraeten. Turning a pile in a torqued-in fashion with the top of the pile held by the rotary motor in some fashion is as old as screw piles themselves.

23.     Defendants did not practice the method of Claims 33 of the `236 patent when they installed EDTTEX piles with the ED3 tip. Also, the claimed method is invalid and preceded by prior art, beginning with Moseley and Verstraeten. Turning a pile in a torqued-in fashion with the top of the pile held by the rotary motor in some fashion is as old as screw piles themselves.

24.      While no infringement or valid patent is found, and the claim is barred by 35 USC 102 on sale bar, Plaintiffs had they overcome those other elements as a matter of law, have not shown "but for" causation for a lost profits measure of damages. To the Contrary, Defendants showed with ample evidence that due to weak financial position, multiple license suspensions, and factors other than the pile tips causing projects to be secure by Foundation over Plaintiffs, there

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT

1    is no lost profits claim.

2

3    Dated:  July 29, 2019                    Respectfully submitted,

4                                             McNEIL, SILVEIRA, RICE & WILEY

5                                             By: /s/ Mark J. Rice

6                                             Mark J. Rice

7                                             Attorneys for Defendants Foundation
                                             Constructors, Inc. and Foundation Pile, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT