UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | EDCV 17-02507 AG (AGRx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | STEVE NEVILLE ET AL v. FOUNDATION CONSTRUCTORS, INC. ET AL | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**   **[IN CHAMBERS] ORDER REGARDING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' COMPLAINT (DKT. NOS. 51, 52);
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AS TO INFRINGEMENT (DKT. NO. 53)**

Plaintiffs allege that Defendants infringe U.S. Patent Nos. 7,914,236 ("the '236 Patent"), and 9,284,708 ("the '708 Patent"). (*See* Dkt. No. 1, Dkt. No. 53.)

The parties have filed cross motions for summary judgment on a plethora of issues. (Dkt. No. 53 (Plaintiffs' Summary Judgment Motion), Dkt. No. 51 (Defendants' Summary Judgment Motion).)

Plaintiffs' Motion for Partial Summary Judgment of infringement (Dkt. No. 53) is **GRANTED-IN-PART** as to infringement by ED1 of Claim 29 of the '708 Patent and Claim 33 of the '236 Patent. It is **DENIED-IN-PART** as to infringement by ED1 of Claims 1-4, 25-28, and 31 of the '708 Patent and Claims 1, 2, 4, 16, 18, and 22-27 of the '236 Patent and infringement by ED2M/ED3 of all raised claims. Defendants' Motion for Summary Judgment (Dkt. Nos. 51, 52) is **GRANTED-IN-PART** as to non-infringement by ED2M/ED3 as to all asserted claims. It is **DENIED-IN-PART** on all other grounds.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 17-02507 AG (AGRx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | STEVE NEVILLE ET AL v. FOUNDATION CONSTRUCTORS, INC. ET AL | | |

## 1. BACKGROUND

The '236 and '708 Patents are titled "Screw Pile Substructure Support System." The '708 Patent is a continuation patent of the '236 Patent, and the two share substantially the same specification (there is, however, additional disclosure in the '236 Patent that is not included in the '708 Patent).

The asserted patents generally describe "[a] method and apparatus . . . for the installation of a foundation pile in a soil bed." '236 Patent at 1:15–17; *see also id.* at 3:66–67. The asserted patents relate to a method that uses "torque," or a twisting movement, in conjunction with a ridge ("helical flight") and other features on the drill tip for screwing the pile into the ground. *See, e.g. id.* at 3:67–4:6. Figure 1 shows a "conical pile tip according to one embodiment of the present invention." '236 Patent at 3:32–33.



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 17-02507 AG (AGRx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | STEVE NEVILLE ET AL v. FOUNDATION CONSTRUCTORS, INC. ET AL | | |

'236 Patent at Figure 1.

In their Summary Judgment Motion, Plaintiffs state that they are asserting infringement of Claims 1-6, 25-29, 31, and 39 of the '708 Patent and Claims 1, 2, 4, 6-9, 16-20, 22-30, 32, and 33 of the '236 Patent.

Some example independent claims that are particularly relevant to the parties' summary judgment disputes are provided here, with emphasis added to some of the claim terms relevant to the parties' disputes. Claim 1 of the '708 Patent states:

> 1. A screw pile substructure support system comprising:
>> a tubular pile having a centerline and a substantially constant diameter throughout a length of the tubular pile; and
>> a pile tip comprising:
>>> a ***tapered portion*** comprising a first end having a first diameter and a second end having a second diameter, wherein the first diameter is greater than the second diameter and about equal to the diameter of the tubular pile, and wherein the first end is attached to the tubular pile;
>>> a ***first helical flight*** attached to and extending along an exterior surface of the tapered portion;
>>> ***an end plate <u>closing</u> the second end of the tapered portion***; and
>>> at least one ***protrusion*** extending outwardly from the ***end plate***.

Claim 29 of the '708 Patent states:

> 29. A screw pile substructure support system comprising:
>> a tubular pile having a centerline and a substantially constant diameter throughout a length of the tubular pile; and
>> a pile tip comprising:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 17-02507 AG (AGRx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | STEVE NEVILLE ET AL v. FOUNDATION CONSTRUCTORS, INC. ET AL | | |

> a *frustro-conical section* comprising a first end having a first diameter and a second end having a second diameter, wherein the first diameter is greater than the second diameter and about equal to the diameter of the tubular pile, and wherein the first end is attached to the tubular pile;
>
> a cylindrical section extending axially outward from the second end of the frustro-conical section;
>
> *at least one helical flight* attached to and extending along an exterior surface of the frustro-conical section and an exterior surface of the cylindrical section, each of the at least one helical flight being spaced apart from an end of the pile tip that is opposite the tubular pile; and
>
> an *end plate <u>coupled to</u>* an end of the cylindrical section and *having a substantially flat <u>surface</u>* disposed perpendicular to the centerline of the tubular pile and having a diameter about equal to the second diameter.

Claim 31 of the '708 Patent states:

> 31. A method for installing a screw pile substructure support system comprising:
>
> attaching a pile tip to a tubular pile having a substantially constant diameter throughout a length of the tubular pile to form a screw pile, wherein the pile tip comprises:
>
> a *tapered portion* comprising a first end having a first diameter and a second end having a second diameter, wherein the first diameter is greater than the second diameter and about equal to the diameter of the tubular pile, and wherein the first end is attached to the tubular pile;
>
> a *helical flight* attached to and extending along an exterior surface of the tapered portion;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 17-02507 AG (AGRx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | STEVE NEVILLE ET AL v. FOUNDATION CONSTRUCTORS, INC. ET AL | | |

> an ***end plate*** ***<u>closing</u>*** the second end of the tapered portion; and
>
> at least one protrusion extending outwardly from the end plate; positioning the screw pile above a preselected location of ground; attaching a drill rig to the screw pile; and turning the screw pile to facilitate penetration of the ground.

Claim 1 of the '236 Patent states:

> 1. A screw pile substructure support system, comprising:
>> a tubular pile having a centerline and a first diameter, wherein the tubular pile comprises a first cylindrical section and a second cylindrical section attached by a weld;
>> a ***substantially conically shaped*** pile tip sharing a centerline with the tubular pile, the substantially conically shaped pile tip having a first end and a second end, the first end being connected to the tubular pile and having a second diameter;
>> a ***helical flight*** attached to an exterior surface of the substantially conically shaped pile tip, wherein the helical flight extends along the exterior surface for a distance of at least one third of a circumference of the substantially conically shaped pile tip; and
>> an ***end plate*** ***<u>fixedly attached</u>*** to the second end of the pile tip, the end plate having a ***substantially flat <u>surface</u> disposed perpendicular to the centerline of the tubular pile***; wherein the first diameter is substantially similar to the second diameter.

Claim 33 of the '236 Patent states:

> 33. A method for installing a screw pile substructure support system comprising:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 17-02507 AG (AGRx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | STEVE NEVILLE ET AL v. FOUNDATION CONSTRUCTORS, INC. ET AL | | |

> attaching a shaped pile tip to at least one cylindrical pile section to form a first pile unit, wherein the shaped pile tip comprises:
>> a first pile tip end attached to the at least one cylindrical pile section;
>> a second pile tip end;
>> a ***helical flight*** attached to an exterior surface of a portion of the shaped pile tip, wherein the helical flight extends along the exterior surface for a distance of at least one quarter of a circumference of the portion of the shaped pile tip; and
>> an ***end plate*** disposed at the second pile tip end, the end plate having a ***substantially flat <u>surface</u> disposed perpendicular to the centerline***;
>>> wherein a diameter of the second pile tip end is less than a diameter of the first pile tip end; and
>>> wherein the ***end plate is <u>fixedly attached</u>*** to the shaped pile tip;
> positioning the first pile unit above a preselected location of ground;
> attaching a drilling rig to the first pile unit; and
> turning the first pile unit to facilitate penetration of the ground.

Of note, each asserted independent claim of the '286 Patent requires that the end plate "hav[e] a substantially flat surface disposed perpendicular to the centerline" and be fixedly attached to a pile tip. Aside from Claim 29 of the '708 Patent, the remainder of the asserted independent claims of the '708 Patent refer to the end plate "closing" an end of the pile tip.

Plaintiffs allege that Defendants' "EDTTEX Piles" infringe the asserted claims. Plaintiffs specifically allege infringement by the "ED1," "ED2M," and "ED3" tip models used in Defendants' EDTTEX system. (*See* Statement of Disputed and Undisputed Facts in Support of Plaintiffs' Summary Judgment Motion, Dkt. No. 58-2 ¶¶ 3, 11, 12.) Plaintiffs do not allege infringement of a fourth EDTTEX system tip model, ED2. (*Id.* at ¶ 11.) The ED2M and ED3 tips are "both created from the ED2 tip" and are "composed of a cast ED2 tip, with [stepped] helical flights that are welded on." (*Id.* ¶¶ 96–97, 100.) Defendants do not dispute that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 17-02507 AG (AGRx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | STEVE NEVILLE ET AL v. FOUNDATION CONSTRUCTORS, INC. ET AL | | |

only difference between the ED2M and ED3 tips are "the widths of the helical flights on the exterior of the pile tip." (*Id.* ¶ 101.)

## 2.   LEGAL STANDARDS

### 2.1   Summary Judgment

Summary judgment is appropriate when, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). At the summary judgment stage, a court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559–60 (2006). A fact is "material" if it "might affect the outcome of the suit under the governing law," such as a fact necessary to the proof of a defense or a claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (internal citations omitted).

"Summary judgment is as appropriate in a patent case as in any other." *Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*, 731 F.2d 831, 835 (Fed. Cir. 1984). The moving party bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Once the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (internal quotation marks omitted). If the non-moving party fails to produce enough evidence to show a genuine issue of material fact, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 322–23.

### 2.2   Patent Infringement

Determining patent infringement is a two-step process. *PSC Comput. Prods., Inc. v. Foxconn*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 17-02507 AG (AGRx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | STEVE NEVILLE ET AL v. FOUNDATION CONSTRUCTORS, INC. ET AL | | |

*Int'l*, 355 F.3d 1353, 1357 (Fed. Cir. 2004). "The court must first interpret the claims to determine their proper scope and meaning. It must then compare the properly construed claims to the allegedly infringing device." *Id.* (citations omitted).

"Whether an accused device or method infringes a claim either literally or under the doctrine of equivalents is a question of fact." *Schoell v. Regal Marine Indus., Inc.*, 247 F.3d 1202, 1207 (Fed. Cir. 2001) (citations omitted). "A patentee claiming infringement must present proof that the alleged infringing device meets each and every claim limitation." *Forest Labs., Inc. v. Abbott Labs.*, 239 F.3d 1305, 1310 (Fed. Cir. 2001) (citations omitted); *See Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991) (the absence of one claim element establishes non-infringement and makes the remaining issues of fact immaterial). The patentee must establish infringement by a preponderance of the evidence. *Cross Med. Prods. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed. Cir. 2005).

### 2.3    Patent Invalidity

A patent enjoys a presumption of validity. *See* 35 U.S.C. § 282(a). The accused infringer bears the burden of establishing invalidity by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 131 S. Ct. 2238, 2242–43 (2011); *State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1067 (Fed. Cir. 2003). Whether an invalidity challenge presents a question of fact, a question of law with underlying facts, or a pure question of law depends on the exact invalidity ground asserted and the facts of the case.

## 3.   DISCUSSION

### 3.1    Evidentiary Challenges and the Evidence Considered by the Court

#### 3.1.4    Evidentiary Objections

Parties "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). But when the parties file numerous objections on a summary judgment motion, it's "often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *See Doe v. Starbucks, Inc.*, No. SACV 08-00582 AG (CWx), 2009 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 17-02507 AG (AGRx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | STEVE NEVILLE ET AL v. FOUNDATION CONSTRUCTORS, INC. ET AL | | |

5183773, at *1 (C.D. Cal. Dec. 18, 2009). "This is especially true when many of the objections are boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence." *Id.*

Here, both parties have filed objections, but they appear to simply be veiled *Daubert* motions challenging the relevance and reliability of the other party's expert declarations. Plaintiffs in particular have filed way too many objections. They submit 92 pages of objections with their reply in support of their own summary judgment motion (Dkt. No. 73), and 110 pages of objections with their opposition to Defendants' summary judgment motion (Dkt. No. 61; *see also* Dkt. No. 77 (Defendants' response to Plaintiffs' objections)). A review of Plaintiffs' objections shows that they are paragraph-by-paragraph (and sometimes line-by-line) boilerplate objections to portions of Defendants' expert declarations. For example, Plaintiffs repeat objections like "lacks foundation," "conclusory statements," "non-relevant evidence" over and over again as to different snippets of the declarations. Defendants, meanwhile, file a five-page objection to Plaintiffs' expert declaration on the basis that Plaintiffs' expert is not qualified as an expert in the field. (Dkt. No. 76.) In addition to concerns about the late timing of certain objections (discussed further later) the Court refuses to conduct a voluminous line-by-line analysis of the admissibility of expert opinions based on boilerplate objections. To that end, Plaintiffs' 200 pages of objections are overruled to the extent they are irrelevant to the issues discussed in this Order, and are overruled to the extent they are inconsistent with the determinations reached in this Order.

### 3.1.5   Requests for Judicial Notice

Defendants have filed two requests for judicial notice. (Dkt. Nos. 58-1, 75.) With its opposition to Plaintiffs' motion for summary judgment, Defendants ask that the Court take judicial notice of Defendants' memorandum and supporting declarations for their own cross-summary judgment motion in this case. (Dkt. No. 58-1.) Defendants also ask that the Court take judicial notice of its own claim construction order in another case, *Neville v. Aldridge Construction, Inc.*, LACV 17-8929 AG (AGRx). (Dkt. No. 75.) The Court isn't convinced these requests are appropriate or useful, particularly because judicial notice isn't necessary for the Court to consult relevant caselaw or other materials within this same case. Without taking judicial notice, the Court has considered these materials to the extent they are relevant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 17-02507 AG (AGRx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | STEVE NEVILLE ET AL v. FOUNDATION CONSTRUCTORS, INC. ET AL | | |

### 3.1.3   Some Further Comments About Experts

The Court notes that it's unusual of both parties to submit expert declarations in support of their summary judgment motions and oppositions, as opposed to their experts' reports themselves (as attested to by each expert under oath). Plaintiffs challenge Defendants' experts' declarations for, among other things, going beyond the scope of their expert reports. But no one has submitted a copy of the reports themselves for the Court to conduct any type of comparison. It's also unusual that the parties challenge each other's experts through evidentiary objections rather than properly-noticed *Daubert* motions, particularly Defendants' challenge (accompanying its reply brief) to Plaintiffs' expert based on a lack of qualifications. This is something Defendants should have known about long before opening summary judgment motions were due. By phrasing their argument as part of an objection with their reply, Defendants have deprived Plaintiffs of the opportunity to respond in writing to Defendants' position. Ultimately, although each party has raised some concerning issues about the other party's experts, based on the current record at this time before the Court, the Court cannot say that portions of either party's expert opinions relevant to the determinations made in this Order should be found inadmissible. (The Court also notes that many of the disputed opinions are not considered in the Court's analysis in this Order, having been found irrelevant to the Court's analysis.)

A few days before replies were due on the current motions (*i.e.*, after the motion cutoff deadline in this case), Plaintiffs also filed a questionable motion. (Dkt. No. 70.) It requests that the Court strike each of Defendants' expert reports and declarations in full because (1) Defendants did not follow the correct policies under the protective order for disclosing confidential material to their expert consultants and (2) Defendants filed confidential material on the public docket via their expert declarations. If the material was as confidential as Plaintiffs assert, the Court questions why Plaintiffs didn't file a request for expedited relief with the Court, including a request to seal the confidential information that Defendants (whether advertently or inadvertently) posted on the public docket. The Court is otherwise skeptical that Plaintiffs are entitled to the extreme relief they seek in their (untimely) motion – the full exclusion from this case of Defendants' expert reports and declarations. Plaintiffs' motion is not yet fully briefed and it's not set for hearing until September 9, 2019. The Court won't strike the declarations and reports now on these sweeping bases, either.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 17-02507 AG (AGRx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | STEVE NEVILLE ET AL v. FOUNDATION CONSTRUCTORS, INC. ET AL | | |

### 3.1. Equitable Estoppel

Defendants argue that Plaintiffs' claims are barred by equitable estoppel. Plaintiffs assert that Defendants cannot raise this defense because it wasn't pled, but in fact Defendants did plead it. (Dkt. No. 15, Eleventh Affirmative Defense ("Plaintiffs' claim is barred by equitable estoppel").)

The underlying conduct that Defendants raise as the basis for their equitable estoppel argument occurred in August 2009. At that time, neither the '236 Patent nor the '708 Patent had issued. In a cease and desist letter sent to Defendants, Plaintiffs' counsel referred to a pending patent application. (*See* Dkt. No. 57-10.) Counsel for Defendants responded in August and October 2009. After that, the parties had no communication regarding a patent infringement dispute until Plaintiffs filed this lawsuit in 2017.

Because the asserted patents had not yet issued, Defendants cannot assert an equitable estoppel defense. The Federal Circuit has recently explained:

> our resolution of this case is supported by our precedent holding that the defense of equitable estoppel does not apply to pending claims during the examination of a patent application. [*Radio Sys. Corp. v. Lalor*, 709 F.3d 1124, 1131 (Fed. Cir. 2013).] In *Radio Systems*, we held that equitable estoppel could not apply to pending patent claims even if those claims when issued could claim priority to a parent patent subject to equitable estoppel. *Id.* The reasoning behind this rule is that claims that have not issued cannot be asserted, and therefore no misleading conduct or silence could be present. *Id.* In other words, for claims that have not issued, there is no case or controversy and therefore "the elements of equitable estoppel are not present." *Id.* Here, because the asserted claims did not exist at, or were substantively altered since, the time Morris sent John Bean the Demand Letter, John Bean could not have engaged in misleading conduct or silence with respect to those claims.

*John Bean Techs. Corp. v. Morris & Assocs., Inc.*, 887 F.3d 1322, 1328 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 806.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 17-02507 AG (AGRx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | STEVE NEVILLE ET AL v. FOUNDATION CONSTRUCTORS, INC. ET AL | | |

Defendants' equitable estoppel defense is rejected for the same reasons.

### 3.2    Infringement

The Court addresses the parties' dispute regarding patent infringement by focusing on each grouping of accused products, beginning with ED2M and ED3, as they relate to the two asserted patents.

### 3.2.1   ED2M/ED3

Because the ED2M/E3 pile tips lack (1) an end plate having a substantially flat surface and (2) an end plate with at least one protrusion extending outwardly from it, it is not necessary to consider the parties' other non-infringement disputes for these accused products.

Plaintiffs and their expert, Decker, identify the alleged "end plate" on these accused products through some annotated figures.



(Declaration of Rand Decker in Support of Plaintiffs' Summary Judgment Motion ("Decker Decl."), Dkt. No. 54 ¶ 86 (cropped).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 17-02507 AG (AGRx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | STEVE NEVILLE ET AL v. FOUNDATION CONSTRUCTORS, INC. ET AL | | |

Plaintiffs cite testimony of one of Defendants' expert witnesses explaining that in some instances, the ED2M/ED3 point shaft is a single piece welded with the rest of the pile tip, and in other instances, Defendants cut off the top of the pile tip and attach a "more aggressive fishtail" at the end. (*See* Deposition Testimony of Byrl Williams, 4/12/2019, Dkt. No. 55-1 at 48:3–49:15.)

This is reflected in other pictures attached to Decker's Declaration showing the "fishtail" portion of the ED2M/ED3 pile tip that Decker identifies as the "point shaft" and "end plate" detached from the rest of the pile tip:



(Dkt. 54-5 (attachment to Decker Decl.); *see also* Decl. Decker ¶ 58 (referring to these pictures as showing a "'fishtail-shaped' protrusion").)

Decker states that "the end plate has a substantially flat surface on at least the surface that faces the interior of the pile tip." *Id.* The Court finds that Decker's interpretation of the claim phrase "substantially flat surface" to include an interior surface facing into the rest of the pile tip would impermissibly broaden the plain meaning of the phrase. The intrinsic record shows that the patent applicant intended the "substantially flat surface" of the end plate to refer to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 17-02507 AG (AGRx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | STEVE NEVILLE ET AL v. FOUNDATION CONSTRUCTORS, INC. ET AL | | |

the side of the end plate facing outward. This is apparent from each of the patent figures, as well as from how Plaintiff used the phrase "substantially flat surface" to distinguish the pending claims in the application leading to the '286 Patent from certain prior art references.

If, by Decker's statements, he is referring to a "substantially flat surface" of the end plate that is interior, but facing outward, Decker's interpretation would still have problems. Decker has not shown that there is indeed a substantially flat surface of an end plate somewhere interior to the "fish-tail protrusion," beyond his own annotations of pictures showing only the exterior of the pile tips. Even if there was, such an interpretation of an end plate fully interior to a pile tip would again be inconsistent with the intrinsic record for this term, including the prosecution history. For these reasons, Plaintiffs cannot satisfy their burden of showing that the ED2M/ED3 accused products have an "end plate" with a "substantially flat surface" as required by some of the asserted claims. *See* '236 Patent, Claims 1, 19, 29, 32, 33; '708 Patent, Claim 29; and all dependent asserted claims of these independent claims. Because Plaintiffs have not shown that each and every limitation of these claims can be met by the ED2M/ED3 pile tips, summary judgment is appropriate.

For the asserted claims of the '708 Patent that do not require an "end plate" with a "substantially flat surface," they still require an "end plate" with a "protrusion" extending from it. *See, e.g.* '708 Patent, Claims 1, 31, 39, and all dependent asserted claims of these independent claims. Decker provides another annotated picture to show his and Plaintiffs' infringement theory for this combination of claim limitations:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 17-02507 AG (AGRx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | STEVE NEVILLE ET AL v. FOUNDATION CONSTRUCTORS, INC. ET AL | | |



(Decker Decl. ¶ 54.)

It appears that Decker would again divide up the end piece of the pile tip into (1) an end plate and (2) a protrusion by assuming that some interior portion of the pile tip is the end plate.

Decker's own declaration shows the shortcomings with this approach. He alternates between referring to the entire end piece of the ED2M/ED3 pile tip as a "fish-tail protrusion," and referring to it as a combination of an "end plate" and a "fish-tail protrusion." (*See, e.g. id.* ¶ 59 ("The protrusion has a solid lower portion having a circular cross-section that forms the base of the protrusion.  This solid portion base is the end plate, and closes off the second end of the tapered portion of the pile tip."). Because the end piece of the ED2M/ED3 pile tip is a single, conically-shaped piece, there is not a demarcation of where an "end plate" should end and the "protrusion" should begin. Although Plaintiffs appear to take the position that the "end plate" is some interior solid portion next to the hollow "protrusion," the Court again

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 17-02507 AG (AGRx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | STEVE NEVILLE ET AL v. FOUNDATION CONSTRUCTORS, INC. ET AL | | |

reiterates that an "end plate" fully interior to another portion of the pile tip would impermissibly extend the meaning of the term beyond how it is used in the intrinsic record. Similar concerns exist for Plaintiffs' interpretation of the term "protrusion" as a component that fully surrounds and is exterior to the item it is purportedly "protruding" from. As a matter of claim construction, Plaintiffs' infringement arguments must be rejected for these claims as well as they relate to the ED2M/ED3 products.

At the end of their summary judgment motion, Plaintiffs provide an 8-line placeholder paragraph about patent infringement under the doctrine of equivalents. (Dkt. No. 53-1 at 25 ("Plaintiffs assert that the above-identified portions of defendants' EDTTEX systems and methods infringe under the doctrine of equivalents as the differences are insubstantial from the claim elements, and the EDDTEX piles and the methods to install such systems perform in substantially the same function in substantially the same way with substantially the same result.").) The Court finds this boilerplate recitation of the law on doctrine of equivalents insufficient to create a dispute of material fact related to the noninfringement of the claim terms addressed in this section of this Order. *See Tex. Instruments, Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567 (Fed. Cir. 1996) (requiring "particularized testimony and linking argument" to satisfy the doctrine of equivalents). Plaintiffs' doctrine of equivalents assertion is rejected. Plaintiffs did not re-raise an argument regarding its doctrine of equivalents assertions at the hearing.

### 3.2.2   ED1

The dispute has been framed differently for ED1, and the record supports an infringement determination as to some of the asserted claims.

Plaintiffs "address only a subset of the asserted claims" in their *Partial* Summary Judgment Motion. (Dkt. No. 53 at 3.) Specifically, Plaintiffs state that they address Claims 1-4, 25-29, and 31 of the '708 Patent and Claims 1, 2, 4, 16, 18, 22-27, and 33 of the '236 Patent. The Court notes that Claims 22-27, which Plaintiffs *do* address in their Motion for Summary Judgment, depend from Claim 19, an asserted claim that the Motion *does not* address. Plaintiffs do not attempt to compare and contrast the claims they do not address to the claims they do, or otherwise explain why their analysis should be extended to the claims they don't discuss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 17-02507 AG (AGRx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | STEVE NEVILLE ET AL v. FOUNDATION CONSTRUCTORS, INC. ET AL | | |

It's Plaintiff's burden to show that each and every element of an asserted claim is met by an accused product. The Court declines to undertake this analysis itself for Plaintiff's asserted claims not fully addressed in their motion, including Claims 5-6 and 39 of the '708 Patent and Claims 6-9, 17, 19-20 (and by extension Claims 22-27), 28-30, and 32 of the '236 Patent. In other words, the Court limits its infringement analysis to Claims 1-4, 25-29, and 31 of the '708 Patent and Claims 1, 2, 4, 16, 18, and 33 of the '236 Patent.

In responding to Plaintiffs' Statement of Undisputed Facts, Defendants admit almost every limitation of the asserted claims is satisfied by ED1. (*See, e.g.* Dkt. No. 60 ¶¶ 33–39, 44, 55, 58, 61, 62, 67, 70–74, 77, 86.) Although they provide denials in response to some more general statements of facts (*see id.* ¶¶ 42, 43), Defendants also specifically admit that "[t]he EDTTEX ED1 tip includes an end plate fixedly attached to the second end of the pile tip." (*Id.* ¶ 83.) And moreover, they admit that "[t]he end plate of the EDTTEX ED1 tip has a substantially flat surface disposed perpendicular to the centerline of the tubular pile." (*Id.* ¶ 84.) Defendants will be held to these admissions, which are consistent with the images of the accused products and the other admissible evidence presented by the parties. Defendants similarly admitted that ED1 has an end plate having a substantially flat surface at the hearing.

What's left is one noninfringement position relevant to most, but not all, of the asserted independent claims. Specifically, Defendants deny that ED1 has "an end plate closing the second end of the tapered portion" ('708 Patent, Claim 1) or similar limitations (*e.g.* "substantially conically shaped pile tip" in Claim 1 of the '236 Patent). Defendants do admit that ED1 has a "tapered portion." (*See id.* at ¶¶ 45, 46, 52.) The dispute instead is on the relationship of the "second end" of the "tapered portion" (or substantially conically shaped pile tip) to the end plate. (*See id.* at ¶¶ 40–42, 85; *see* '708 Patent, Claims 1, 31; *see also* '236 Patent, Claims 1, 19. Decker includes an annotated picture of the ED1 pile tip in his declaration:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 17-02507 AG (AGRx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | STEVE NEVILLE ET AL v. FOUNDATION CONSTRUCTORS, INC. ET AL | | |



(Decker Decl. ¶ 47.) In comparison, in explaining how ED1 satisfies the limitation of Claim 29 of the '708 Patent, Decker includes different annotations for the same pictures:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 17-02507 AG (AGRx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | STEVE NEVILLE ET AL v. FOUNDATION CONSTRUCTORS, INC. ET AL | | |



*Id.* ¶ 67.

The core issue in the parties' dispute for Claims 1 and 31 of the '708 Patent (and Claims 1 and 19 of the '236 Patent) is whether the "tapered portion" recited in those claims can be satisfied by a combination of both (1) a conical portion with a gradually decreasing circumference and (2) a cylindrical portion with a constant circumference, such that the end plate closes off or is fixedly attached to the "second end" of the tapered portion. The parties frame their dispute not in terms of the intrinsic record, but instead on the application of the claims to the accused products. On the current record, this dispute appears to present a question of fact making a finding of either infringement or noninfringement as a matter of law inappropriate for claims requiring a "second end" of a "tapered portion" or of a "substantially conically shaped pile tip" to be somehow connected to an end plate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 17-02507 AG (AGRx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | STEVE NEVILLE ET AL v. FOUNDATION CONSTRUCTORS, INC. ET AL | | |

### 3.3     Defendants' Invalidity Challenges

Questions of fact exist that preclude a determination as a matter of law that the on-sale bar invalidates the asserted patents. Defendants argue that over a year before the '236 Patent was filed, Neville submitted diagrams while bidding on a construction job that were later reproduced in the '236 Patent. Defendants' argument is, in essence, that because the diagrams are the same as the figures, and they were publicly disclosed a over year before the priority date of the '236 Patent, the asserted claims of both asserted patents must be invalid. Plaintiffs do not dispute the underlying facts of Defendants' argument, but respond by asserting that the experimental-use exception to the on-sale bar applies. Plaintiffs refer to a recent Federal Circuit case, *Barry v. Medtronic, Inc.*, 914 F.3d 1310 (Fed. Cir. 2019), where the Federal Circuit found that a surgeon who performed surgeries on some patients over a year before he filed a patent application on certain surgical techniques had not yet reduced his claimed invention to practice with these early "test surgeries." The Federal Circuit found the experimental use exception applied in such circumstances, explaining, "experimental use negates applicability of the on-sale bar, as it does the public-use bar." *Id.* at 1331. The Federal Circuit listed many considerations that might be considered in assessing whether a use is experimental:

> (1) the necessity for public testing, (2) the amount of control over the experiment retained by the inventor, (3) the nature of the invention, (4) the length of the test period, (5) whether payment was made, (6) whether there was a secrecy obligation, (7) whether records of the experiment were kept, (8) who conducted the experiment, (9) the degree of commercial exploitation during testing, (10) whether the invention reasonably requires evaluation under actual conditions of use, (11) whether testing was systematically performed, (12) whether the inventor continually monitored the invention during testing, and (13) the nature of contacts made with potential customers.

*Id.* at 1328 (quoting *Clock Spring, L.P. v. Wrapmaster, Inc.*, 560 F.3d 1317, 1327 (Fed. Cir. 2009)).

Here, Plaintiffs have submitted evidence, including testimony from Neville's deposition and a declaration signed by him, stating that his earlier use of pile tips like the embodiments disclosed in the asserted patents was experimental. (*See, e.g.* Declaration of Steve Neville in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 17-02507 AG (AGRx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | STEVE NEVILLE ET AL v. FOUNDATION CONSTRUCTORS, INC. ET AL | | |

Support of Plaintiffs' Opposition to Defendants' Summary Judgment Motion, Dkt. No. 63; Deposition Transcript of Steve Neville, 2/7/2019, Dkt. No. 62-1 at 55:23–65:10; Dkt. No. 57-1 at ECF52–62 (October 3, 2003 letter from City of Los Angeles approving use of Neville's piles, referring to them as "test piles," *see id.* at ECF57).) Defendants challenge Neville's testimony and declaration as alone being insufficient to show experimental use. (*See, e.g.* Dkt. No. 74 at 9.) However, more than just Neville's *post-hoc* statements have been submitted, including the City of Los Angeles letter referring to Neville's pile tips as "test piles," and the combination of submitted evidence is found at least sufficient at this stage to create a genuine question of fact to survive summary judgment.

The Court has also reviewed Defendants' other invalidity assertions. They are difficult to follow and appear to be linked to various assumptions about the scope of the claims that are either not fully explained or should have been raised earlier, in the context of claim construction. Defendants also appear to conflate disputes of invalidity and infringement, further hindering review of their invalidity positions. The same problems persisted at the hearing. These other invalidity challenges in Defendants' summary judgment motion are not adequately fleshed out for Defendants to meet their burden of showing by clear and convincing evidence that the asserted claims are invalid as anticipated, obvious, or indefinite as a matter of law at this stage.

### 3.4    What's Left

Based on the determinations in this Order, certain disputed issues remain. Although the Court has resolved many of the parties' infringement disputes as a matter of law, there are open factual questions for trial regarding (1) infringement by ED1 of the asserted claims where factual disputes preclude an infringement determination and of the asserted claims that were not raised in Plaintiffs' motion for summary judgment of infringement and (2) the validity of any asserted claims that ED1 is found to infringe (including Claim 29 of the '708 Patent and Claim 33 of the '236 Patent, found infringed by this Order).

The Court also won't address an argument that Defendants failed to timely disclose their invalidity theories on the current record. Although the Court has concerns about Defendants' submission of final invalidity contentions *with their opposition to Plaintiffs' Motion for Summary*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | EDCV 17-02507 AG (AGRx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | STEVE NEVILLE ET AL v. FOUNDATION CONSTRUCTORS, INC. ET AL | | |

*Judgment*, Plaintiffs have not made a sufficiently coherent request for the Court to strike those contentions, and Defendants have not had an opportunity to respond to such a request.

There are also open questions regarding the amount of damages. The Court notes that because it has found ED2M/ED3 don't infringe the asserted claims, Plaintiffs' monetary damages will be limited to lost profits or reasonable royalty damages based on ED1. Defendants' summary judgment arguments regarding Plaintiffs' lost profits damages theory would seem to be largely moot because of this. (And if not entirely moot, questions of fact would preclude summary judgment based on the disputed facts presented by the parties.)

The parties appear to be somewhat in agreement that sales of ED1 in the six years up until this lawsuit was filed were low. Given this state of affairs, party and judicial resources might be best spent by the parties engaging in further settlement discussions before the Final Pretrial Conference set for September 16, 2019. The parties should also attempt to revisit their dispute on Plaintiffs' motion to strike set for hearing September 9, 2019 in an effort to avoid expending unnecessary resources there as well.

## 4. CONCLUSION

Plaintiffs' Motion for Partial Summary Judgment of infringement (Dkt. No. 53) is **GRANTED-IN-PART** as to infringement by ED1 of Claim 29 of the '708 Patent and Claim 33 of the '236 Patent. It is **DENIED-IN-PART** as to infringement by ED1 of Claims 1-4, 25-28, and 31 of the '708 Patent and Claims 1, 2, 4, 16, 18, and 22-27 of the '236 Patent and infringement by ED2M/ED3 of all raised claims. Defendants' Motion for Summary Judgment (Dkt. Nos. 51, 52) is **GRANTED-IN-PART** as to non-infringement by ED2M/ED3 as to all asserted claims. It is **DENIED-IN-PART** on all other grounds.

| | : | 0 |
|---|---|---|
| Initials of Deputy Clerk | mku | |