UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | EDCV 17-02507 AG (AGRx) | Date | September 4, 2019 |
|---|---|---|---|
| Title | STEVE NEVILLE ET AL v. FOUNDATION CONSTRUCTORS, INC. ET AL | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING (1) PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' EXPERT REPORTS AND DECLARATIONS (DKT. NO. 70); AND (2) PLAINTIFFS' EMERGENCY REQUEST TO SEAL, REDACT, OR STRIKE CONFIDENTIAL PORTIONS OF EXHIBIT 8 TO DEFENDANTS' DECLARATION IN OPPOSITION TO MOTION TO STRIKE (DKT. NO. 113)**

Plaintiffs have a pending motion to strike Defendants' expert reports and a declaration filed by one of Defendants' experts, Durnal. (Dkt. No. 70.) The motion has been fully briefed. At the same time Plaintiffs filed their reply, Plaintiffs also filed an "Emergency Request to Seal, Redact, or Strike Confidential Portions of Exhibit 8 to Defendants' Declaration in Opposition to Motion to Strike." (Dkt. No. 113.)

Having reviewed the arguments presented by the parties, the Court finds that oral argument on the disputes is unnecessary. It takes these matters **UNDER SUBMISSION** and **VACATES** the hearings. L.R. 7-15.

The Court **DENIES** Plaintiffs' motion to strike. (Dkt. No. 70.) Plaintiffs fail to provide an adequate explanation for their delay in seeking such expansive and overbroad relief. This is true for all their relief sought, but particularly for their request to strike Defendants' two expert reports. Plaintiffs filed this motion on August 1, 2019, but the notice of motion itself acknowledges that it is "made following the conference of counsel pursuant to L.R. 7-3 which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | EDCV 17-02507 AG (AGRx) | Date | September 4, 2019 |
|---|---|---|---|
| Title | STEVE NEVILLE ET AL v. FOUNDATION CONSTRUCTORS, INC. ET AL | | |

took place on **June 7, 2019**." (*Id.* at 1 (emphasis added).) Regarding Plaintiffs' request to strike Durnal's declaration in support of Defendants' summary judgment motion, although the declaration was submitted in support of Defendants' summary judgment motion filed on July 22, 2019, again, Plaintiffs did not move to strike the declaration until **after** they had filed an opposition to the motion.

In addition, the Court notes that Plaintiffs' motion to strike does not (1) alternatively request that portions of Durnal's declaration be sealed or (2) provide a sufficient basis to show that Durnal's declaration does indeed disclose confidential information. "The fact that a document has been designated under this Order is insufficient to justify filing under seal," *see* Standing Protective Order ¶ 10, but that is the only basis Plaintiffs offer in their motion for arguing that certain material in the Durnal declaration is confidential. In reply, Plaintiffs for the first time vaguely assert that viewing information that they've designated as attorney's eyes only "would provide a competitive advantage." (Dkt. No. 112 at 3.) Plaintiffs' attorney argument, which is not supported by any evidence (such as a witness declaration), is rejected to the extent Plaintiffs are trying to refer to the Durnal declaration with this assertion. Plaintiffs have still never specifically requested that portions of the declaration be **sealed**, and even if they had, they have not offered an adequate basis under the Local Rules of this District for that request.

Regarding Plaintiffs' emergency request, although the Court also questions Plaintiffs' delay in filing the request, it **GRANTS** the request only in that it **TEMPORARILY SEALS** Exhibit 8 of Defendants' opposition to Plaintiffs' motion to strike. By September 6, 2019, Plaintiffs must file a proper application to maintain confidential **portions** of the exhibit under seal as required by the Local Rules of this District, including with the declaration of a percipient witness who can show that the material is indeed confidential. If Plaintiffs fail to do so, the Court will lift the seal on the exhibit.

|  | : | 0 |
|---|---|---|
| Initials of Deputy Clerk | mku | |